## BROWN ET AL. *v.* STREET.

FORMER RECOVERY.—*Burden of Proof.*—The burden of proof of a former recovery is on the party alleging it.

SAME.—*Promissory Note.*—*Presumption Raised by Possession.*—*Evidence.*—*Endorsement by Justice.*—*Supreme Court.*—Where, in an action on a promissory note, the defendant alleges a former recovery before a justice of the peace, the mere fact that there was an endorsement thereon of "filed for collection," signed by such justice, and dated at the time of the commencement of such action before the justice, is not sufficient, on appeal to the Supreme Court, to rebut the presumption of ownership, raised by the plaintiff's possession of the note.

From the Orange Circuit Court.

*D. R. Eckels*, for appellants.

*S. H. Buskirk* and *J. W. Nichol*, for appellee.

PERKINS, J.—Suit upon a promissory note, of which the following is a copy:

"$125. April 8th, 1875.

" One month after date, we promise to pay to the order of Robert A. Street the sum of one hundred and twenty-five dollars, value received, without any relief from valuation or appraisement laws of the State of Indiana, with interest at ten per cent. per annum from maturity until paid. COLUMBUS BROWN,

" WILLIAM BROWN."

" Paid on this note, April 8th, 1875, two dollars ($2.00)."

Answer, former recovery before John E. Payne, a justice of the peace, accompanied by a transcript of the judgment of said justice.

Reply in denial.

The issue was submitted to the court for trial.

The plaintiff gave in evidence the note sued on, hereinbefore copied, having upon it this additional endorsement:

" Filed for collection, August the 23d, 1875.

" JOHN E. PAYNE, J. P."

The plaintiff rested.

The defendants below (appellants here) then gave in evidence the transcript, set forth with the answer, which commences in the words and figures following, viz.:

" State of Indiana, Orange County, ss.

Brown *et al. v.* Street.

"Robert A. Street  
       *v.*    } Suit on note.  
"Columbus Brown,   Demand, $125.  
"William Brown.

"August the 23d, 1875, the plaintiff files his complaint in words and figures following, to wit:

"One note for one hundred and twenty-five dollars.

                        "April the 8th, 1875.

"One month after date, we promise to pay to the order of Robert A. Street the sum of one hundred and twenty-five dollars, value received, without any relief from valuation or appraisement laws of the State of Indiana, with interest at ten per cent. per annum from maturity until paid.                COLUMBUS BROWN,

                     "WILLIAM BROWN."

It further appears by said transcript, that the trial of the cause was set for the 30th of August, on which day there was judgment by default, against the defendants, on the note, before John E. Payne, J. P.

After the transcript was read in evidence, Columbus Brown testified that he never made but one note to plaintiff of the size or amount of the one in suit; that he lived in Orange county, but that William Brown lived, and had lived all his life, in Lawrence county.

The defendants also read in evidence the following endorsement on the back of the note sued on:

"Filed for collection, August the 23d, 1875.

                     "JOHN E. PAYNE, J. P."

The court found for the plaintiff, and, over a motion for a new trial, rendered judgment on the finding.

The cause for a new trial, stated in the motion, was, that the finding was contrary to law and the evidence.

We think this court can not say that the finding and judgment were wrong.

The evidence tends to show that two notes were given by the same makers, at the same time, in the same terms, to the same payee. On the note on which judgment was

rendered before the justice, there was no credit, and judgment was rendered for the full amount of the note. While, as has been shown, there was a credit of two dollars upon the note sued on in the circuit court, apparently placed upon it on the day of its date.

Again, the note on which the justice rendered judgment would be presumed, nothing appearing to the contrary, to remain in the custody of the justice or his successor in the office of such justice. See, as to the duties of justices in cases of appeal, sections 66 and 68 of the justice's act, 2 R. S. 1876, pp. 624, 626.

But the note on which the present suit was instituted was in the possession of the plaintiff, the payee, and produced in evidence on the trial. *Prima facie*, that possession was rightful. The defendants rely upon the following endorsement upon it to prove the contrary: " Filed for collection, August 23d, 1875." This shows that the note was filed with the justice for collection; but this does not show that the note was sued on before the justice, nor how it came to be returned to the plaintiff. In the absence of any thing showing the contrary, we presume it was returned to the plaintiff at his request, before judgment was rendered upon it.

The burden of sustaining their answer of former recovery was upon the defendants. It would have been very easy for them to have shown the exact facts as to the return of this note to the payee, by calling the justice as a witness on this trial. Their failure to do so, or to show an excuse for the failure, is not a circumstance in their favor.

The statement of Columbus Brown, that he had never given but one note, etc., is equivocal.

The judgment is affirmed, with costs.