BOARD OF ZONING APPEALS OF THE CITY OF INDIANAPOLIS *v.* AMERICAN FLETCHER NATIONAL BANK AND TRUST COMPANY, ETC.

[No. 20,075. Filed March 25, 1965. Rehearing denied May 5, 1965. Transfer denied April 28, 1966.]

*Michael B. Reddington,* Corporation Counsel, *John J. Dillon,* City Attorney, and *John P. Korbly,* Assistant City Attorney, of Indianapolis, for appellant.

*Charles G. Castor,* of Indianapolis, for appellee, American Fletcher National Bank and Trust Company, Trustee.

HUNTER, J.—This appeal is from an action instituted by appellees in Marion Superior Court to obtain a review by certiorari of a decision by the Board of Zoning Appeals of the City of Indianapolis (hereinafter referred to as the "Board"). The Board had refused to grant the appellees a variance to the terms of the Indianapolis City Zoning Ordinance. The trial court reversed the decision of the Board and granted the variance requested, that being the building of a gasoline filling station in a U-2, H-1, A-4 classification which restricted the land to multiple dwellings or apartments.

Appellant Board assigns the error that the trial court erred in overruling appellant's motion for a new trial. Under this assignment, appellant asserts that the decision of the court is contrary to law.

In the hearing before the Board, the trustee AFNB, by its agent, appeared and testified of its need for a variance so that a filling station could be built on the property. The

principal contention advanced by petitioners-appellees in the evidence before the Board was to the effect that the variance requested for the parcel of land in question would not adversely affect abutting property owners. There was also some testimony of a need because financing could not be obtained on the property involved. An adverse party to petitioners appeared who was evidently representing an apartment builder. He testified that there was a planned building program about to begin in the immediate area and that his client objected to the variance because of the view and noise of a filling station. Some diagrams of the proposed station were also before the Board. The Board concluded that the variance should not be allowed.

Upon petition, a writ of certiorari issued pursuant to the order of the Marion Superior Court. A motion to dismiss the petition, motion to vacate the order for writ of certiorari and demurrer to said writ filed by appellant were overruled. The trial court then saw fit to hear additional evidence to augment the evidence contained in the Board's return to the writ of certiorari. In the supplemental hearing before the court, appellees' only witness was a real estate appraiser who testified to facts concerning the general area surrounding the property. He also testified that in his *opinion,* the service station would not be injurious to the public health, safety, morals and general welfare of the community; that adjacent real estate would not be adversely affected; that the area of the proposed variance was too small for an apartment site; that appellees would suffer a hardship if not allowed the variance.

Appellant's first witness before the trial court was the pastor of a Church located directly across the street from the property in question. He testified that a gasoline station would materially affect the operation of his Church by interrupting the quietness of the neighborhood. Another witness for appellant, a landowner near the site in question, testified that apartments were being constructed near that location.

He also testified about the buildings and traffic in the surrounding area.

An examination of the scope of review allowed a trial court as to the City of Indianapolis Board's of Zoning Appeals determinations is necessary. The scope of review allowed is found in the Acts of 1955, ch. 283, § 79, p. 786 being § 53-979, Burns' 1964 Replacement. This statute provides in part that:

> "ACTION OF THE COURT—The court may decide and determine the sufficiency of the statements of *illegality* contained in the petition . . . and render its judgment with reference to the *legality* of the decision of the board . . . it (the court) may take evidence to *supplement* the evidence and facts disclosed by the return to the writ of certiorari, *but no such review shall be by trial de novo.*
>
> In passing upon the *legality* of the decision of the board of zoning appeals, the court may reverse or affirm . . ." (our emphasis)

The terms of the statute are clear in that the decision of the Board can only be reviewed by the trial court to determine the legality of such decision; that is to say, was the Board's determination wrong as a matter of law? Not only is this limit on review plain from the statute, but prior case law has found such limit on judicial review of zoning board determinations to be the case. See *Fryer* v. *City of New Albany* (1963), 135 Ind. App. 454, 194 N. E. 2d 417, 420, citing *Bd. of Zon. App.* v. *School City of Mishawaka* (1957), 127 Ind. App. 683, 689, 145 N. E. 2d 302 (and cases cited thereunder).

Along with this rule of review, it must be recognized by the trial court that the Board is an administrative body especially expertise in the zoning problems of its particular jurisdiction. Therefore, the Board has wide discretion whether or not to grant a variance to a zoning ordinance, and in reviewing the Board's decision, the trial court may not substitute its discretion for that of the Board. *Bd. of Zon. App.* v. *School City of Mishawaka, supra,* at p. 689-690.

In the petition submitted to the Board, appellees alleged the statutory grounds for variance as found in the Acts of 1955, ch. 283, § 69, p. 786; Acts of 1959, ch. 380, § 25, p. 1033 being § 53-969, Burns' 1964 Replacement which provides that the Board may grant a variance if:

"1. The grant will not be injurious to the public health, safety, morals, and general welfare of the community.

2. The use or value of the area adjacent to the property in the variance will not be adversely affected.

3. The need for the variance arises from some condition peculiar to the property involved and does not exist in similar property in the same zone.

4. The strict application of the terms of the ordinance will constitute an unusual and unnecessary hardship if applied to the property for which a variance is sought.

, 5. The grant of the variance does not interfere with the metropolitan comprehensive plan adopted pursuant to sections 31 through 37 [§§ 53-931—53-937] of this act: Provided that no zoning ordinance or ordinances classifying or restricting the use of or otherwise applicable to the property involved shall be considered to be a part of such metropolitan comprehensive plan."

The Board found against petitioner on the first four (4) above-mentioned causes for variance. The trial court's "judgment" stated fifteen (15) paragraphs of conclusions of facts, three (3) conclusions of law and reversed the Board's decision thereon. To set out all of the conclusions of fact would unduly burden this opinion. However, in view of the evidence before the Board and the trial court and upon an examination of the findings of fact entered by the trial court, only one conclusion can be reached; that is, the court in effect tried the petition *de novo* in that it made its own determinations upon the merits of the petition for a variance, thereby substituting its discretion for that of the Board.

,The statutory causes for variance found in § 53-969, *supra*, further limit the trial court's review in that error of law

by the Board as to its finding against appellant on *some* of these causes will not be sufficient for reversal of the Board's order. That is to say, each cause in § 53-969, *supra,* for a variance must be unequivocally present, giving wide construction to the total of the evidence introduced both before the Board and that given before the trial court, resolving all doubts in favor of the Board's determination.

In the instant case, there was evidence before the Board and likewise before the court that the view and the noise of a service station would interrupt the quietness of the neighborhood. There was also evidence to the effect that new apartments were being constructed close to the area in question. Other evidence was given about the small amount of traffic and type of buildings in the general area.

Applying the rules limiting review of the zoning board's order to the facts presented to the Board and the court, it cannot be concluded as a matter of law that the grant of a variance would not be injurious to the public health, safety and morals and general welfare of the community, or that the use or value of the area adjacent to the property included in the proposed variance would not be adversely affected.

We therefore hold that the decision of the trial court is contrary to law. The judgment is hereby reversed and remanded with instructions to enter judgment consistent with this opinion.

Reversed.

Bierly, P. J., Mote and Smith, JJ., concur.

NOTE.—Reported in 205 N. E. 2d 322.