R. J. REALTY, INC. *v.* KEITH ET AL.

[No. 368A46. Filed September 22, 1969. Rehearing denied October 29, 1969. No petition to transfer filed.]

*Michael J. Kias, Haggerty, Haggerty & Kias,* of Indianapolis, for appellants.

*Thomas J. Murphy, Hilgedag & Johnson,* of Indianapolis, for appellees.

WHITE, J.—This is an appeal from a judgment of the Marion Circuit Court, Howard J. Travis, Special Judge, which reversed a grant of a variance of use by the Metropolitan Board of Zoning Appeals of Marion County, Fourth Division, to appellants. Appellees Keith, husband and wife; Eisenbarth, husband and wife; Roberts, husband and wife; Bass, husband

and wife; Stallard, husband and wife; and Mosier, husband and wife, were remonstrators before the board and petitioners in the circuit court for a writ of certiorari to review the zoning board's decision. Other appellees are the said board of zoning appeals and the members thereof.

After appellants filed their brief here the appellees, on August 23, 1968, filed their motion to affirm. By order of September 11, 1968, "the ruling on said motion . . . is, held in abeyance pending the determination of this appeal on its merits." A subsequent motion filed September 26, 1968, and denominated, "Motion to Dismiss or in the Alternative Affirm per Appellees' Motion to Affirm Filed August 23, 1968, and Held in Abeyance per Order of September 11, 1968" was, on November 11, 1968, overruled as to dismissal and held in abeyance as to affirmance.

The basis of the first motion to affirm is alleged failure of Appellants' Brief to comply with Indiana Supreme Court Rule 2-17 in that it fails to state what the issues were and fails to set out the Assignment of Error. Since only the caption is omitted from the Assignment of Errors as set forth in the brief that ground is without merit. While the statement of what the issues were may be less informative than is desirable, we are nevertheless able to ascertain the issues. The defect is therefore harmless. *Bryan* v. *Yoder*, 225 Ind. 57, 64, 71 N. E. 2d 474 (1947) ; 3 Wiltrout, INDIANA PRACTICE 391, § 2678.

The second motion to affirm is grounded on the related propositions that the assignment that the court erred in overruling the motion for new trial raises no question on appeal and that the appeal was not perfected "within 90 days from the day of final order of General Term of Marion Circuit Court. . . ." The second motion was filed September 26, 1968, but prior thereto, on August 23, 1968, appellees had petitioned for an extension of time in which to file their brief, which petition was granted September 11, 1968,

to and including October 11, 1968. By this extension appellees waived all grounds for affirmance not going to the merits of the appeal. *Gamble* v. *Lewis*, 227 Ind. 455, 459, 85 N. E. 2d 629 (1949) ; *City of Fort Wayne* v. *Maplewood Park Utilities*, 143 Ind. App. 507, 213 N. E. 2d 337, 241 N. E. 2d 805 (1968). Both motions are accordingly overruled.

The only error assigned on appeal is the overruling of appellants' motion for new trial. Among the grounds of that motion urged here as a ground for reversal, is the assertion that the decision of the trial court is contrary to law.

On October 30, 1967, the circuit court made Special Findings of Fact and Conclusions of Law and rendered judgment thereupon. The first three findings identify the parties and the land and recite briefly the history of the case. The remaining findings, conclusions of law, and judgment read as follows:

"5. That there is substantial evidence of probative value in the record tending to show that the grant of variance will be injurious to the public safety and general welfare of the community.

"6. That there is substantial evidence of probative value in the record tending to show that the use or value of the area adjacent to the property included in the variance will be affected in a substantially adverse manner.

"7. That there is evidence of probative value in the record tending to show that the strict application of the terms of the governing ordinance will not constitute an unusual and unnecessary hardship when applied to the property above described for which the variance was sought.

"8. That there is evidence in the record tending to show that the granting of the variance does interfere substantially with the Metropolitan Comprehensive Plan of Marion County, Indiana.

"9. That the evidence in this cause is with the Petitioners herein and against the Defendants, and the variance of use was improperly granted.

"And, as conclusions of law upon the facts above found, the Court concludes:

"That the law in this cause is with the Petitioners herein and aginst (sic) the Defendants herein, in that this Court may reverse the decision of the Metropolitan Board of Zon-

ing Appeals of Marion County, Fourth Division, where there is substantial evidence of probative value tending to show that any one of the five requirements prescribed by Burns Ind. Stat. Sec. 53-969 were not met, and such evidence is present in the record, specifically as shown by Findings of Fact 5, 6, 7 and 8. To the extent that Defendants failed to meet the five requirements set out in Burns Ind. Stat. Sec. 53-969, the variance requested below was improperly granted.

"WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED, that the decision of the Metropolitan Board of Zoning Appeals of Marion County, Indiana, Fourth Division is illegal, and it is hereby reversed, and it is further ordered, adjudged and decreed that no variance be granted in this cause, and it is further ordered and decreed that the Defendants, R. J. Realty, Inc. and Robert J. Wilson pay the costs herein and that the judgment be so entered in favor of the Petitioners and against the Defendants."

The findings of facts and conclusions of law made by the court below demonstrate a failure to apply the proper rule of law in reviewing the decision of the board. In determining whether the board's decision was, or was not, contrary to law, it is immaterial that "there is substantial evidence of probative value in the record tending to show . . ." the converse of the statutory determinations[1]

---

[1] Burns IND. STAT. ANN. (1969 Supp.) § 53-969 reads in pertinent part as follows:

"Petitions for variance.—The Boards of zoning appeals, in accordance with the territorial jurisdiction of such boards as established by section 58 and 59 [§§ 53-958, 53-959] of this act, are hereby authorized to grant such variance from the applicable zoning ordinance upon determination in writing that:

1. The grant will not be injurious to the public health, safety, morals, and general welfare of the community.

2. The use or value of the area adjacent to the property included in the variance will not be affected in a substantially adverse manner.

3. The need for the variance arises from some condition peculiar to the property involved and such condition is not due to the general conditions of the neighborhood.

4. The strict application of the terms of the ordinance will constitute an unusual and unnecessary hardship if applied to the property for which the variance is sought.

5. The grant of the variance does not interfere substantially with the metropolitan comprehensive plan adopted pursuant to sections 31 through 37 [§§ 53-931—53-937] of this act."

* * *

made by the board. The question before the court was whether there was or was not "substantial evidence of probative value authorizing the grant of the variance on [each of the five] grounds" which the board did specially find to have been proven as required by Burns IND. STAT. ANN., § 53-969 (1969 Supp.). *Kessler et al.* v. *Marion County Board, etc.,* 137 Ind. App. 610, 209 N. E. 2d 43 (1965) ; *Nelson* v. *The Board, etc.,* 240 Ind. 212, 162 N. E. 2d 449 (1959).

We therefore conclude that the decision is contrary to law. For that reason the judgment should be reversed and the cause remanded with directions to the trial court to vacate its findings and conclusions; to again review the decision of the Board of Zoning Appeals pursuant to the rules stated in the above cited cases; to make new findings of fact and conclusions of law consistent therewith; and, to render judgment accordingly.

Since, however, the recent ruling of the Supreme Court of Indiana in *Carlton* v. *Board of Zoning Appeals,* 252 Ind. 56, 16 Ind. Dec. 704, 712, 245 N. E. 2d 337, 344 (1969), handed down after this appeal was briefed but prior to its oral argument, was extensively discussed in that argument we must give it some mention. *Carlton* states that ". . . under Indiana law, apart from Burns' § 53-969, in order for such judicial review to be done adequately, the Board of Zoning Appeals has to set out written findings of fact in support of each of its statutory determinations." Because such findings had not been set out by the board in the *Carlton* case, it was held that the board's decision could not be reviewed on the merits. The Supreme Court's mandate to the trial court ordered it to vacate the zoning board's decision and to remand the cause to the board for further action consistent with the opinion.

In the case at bar there were likewise no written findings of fact set out by the board in support of the five determinations it made. It would therefore appear, on first blush, that

*Carlton* is a binding precedent which requires us to direct the trial court to remand the case to the Board of Zoning Appeals for findings of fact. However, at oral argument it was persuasively suggested by both appellants and appellees that *Carlton* should not be given a retrospective application. Furthermore, it appears not to have been urged in the trial nor here (as it was in *Carlton*) that "the Board of Zoning Appeals failed to make detailed written findings of fact." (See the Appellate Court opinion, 235 N. E. 2d at 504, 16 Ind. Dec. at 704.) For the latter reason we hold that the question of whether the decision of the Board of Zoning Appeals is sustained by a sufficient finding of fact is not before us.

The judgment of the Marion Circuit Court is reversed and the cause is remanded with directions to that court to vacate and set aside its findings of fact and conclusions of law. Said court is further directed to review the decision of the Metropolitan Board of Zoning Appeals of Marion County, Fourth Division, anew, in conformity with the opinions expressed herein; to make new findings of fact and conclusions of law based on such review; and to render judgment consistent therewith. Costs are assessed against appellees.

Pfaff, C.J., Hoffman and Sharp, JJ., concur.

NOTE.—Reported in 250 N. E. 2d 757.