METRO. BOARD OF ZONING APPEALS *v.* STANDARD
LIFE INSURANCE COMPANY.

[No. 868A132. Filed September 30, 1969. Rehearing denied November 14, 1969. Transfer denied February 6, 1970.]

*Norman R. Newman,* of Indianapolis, for appellant.

*James L. Beattey,* of Indianapolis, for appellee.

SULLIVAN, J.—This cause originated in the Marion County Metropolitan Board of Zoning Appeals as a petition by appellee Standard Life Insurance Company of Indiana for a use and setback variance. The appellant board denied the petition. Standard Life then sought judicial review by writ of certorari in the Marion County Superior Court, Room 3. That court reversed the decision of the board and granted the variance which was for the erection and operation of a gasoline service station upon real estate located between Central Avenue and New Jersey Street on Fall Creek Parkway, North Drive in Indianapolis, Indiana.

The sole issue presented to the Superior Court, and therefore to this court upon review, is whether each of five statutory prerequisites for such variance is unequivocally present. We think not and that, therefore, the Superior Court erred in reversing the decision of the board.

In 1955, the Indiana General Assembly enacted legislation which, among other things, adopted more restrictive and specific variance prerequisites for Marion County.[1] At the time this petition for variance was filed the controlling legislation, being Indiana Acts 1955, ch. 283, § 69, as amended, and as found in Indiana Annotated Statutes § 53-969 (Burns' Supp. 1969), provided insofar as pertinent that a variance could be granted by the board only if it found that:

"1. The grant will not be injurious to the public health, safety, morals, and general welfare of the community.

---

[1] The pre-existing statute governing all counties and municipalities, including Marion County, provided merely that a variance be not "contrary to the public interest, where, owing to special conditions, a literal enforcement of the provision of the ordinance will result in unnecessary hardship * * *" Indiana Acts 1947, ch. 174, § 77, as found in Indiana Annotated Statutes § 53-778 (Burns' Repl. 1964), and in Appendix 8 of Vol. 9, Part 3, Indiana Annotated Statutes (1963 Repl.).

"2. The use or value of the area adjacent to the property included in the variance will not be affected in a substantially adverse manner.

"3. The need for the variance arises from some condition peculiar to the property involved and such condition is not due to the general conditions of the neighborhood.

"4. The strict application of the terms of the ordinance will constitute an unusual and unnecessary hardship if applied to the property for which the variance is sought.

"5. The grant of the variance does not interfere substantially with the metropolitan comprehensive plan adopted pursuant to sections 31 through 37 of this act."

It must be emphasized that the board, as an administrative body, presumably expert in the land use problems of its particular jurisdiction, has wide discretion in the granting or denying of zoning variances. Pursuant to existing binding law, in reviewing any such decision a court may not substitute its discretion for that of the board. *Board of Zoning Appeals of the City of Indianapolis* v. *American Fletcher National Bank and Trust Company* (1965), 139 Ind. App. 9, 205 N. E. 2d 322. It also must be emphasized that this case concerns the *denial* of a variance by the board and that the standards for judicial review in such case are significantly different from the standards for judicial review of a board decision which *grants* a variance. Compare *R. J. Realty, Inc.* v. *Keith, et al.* (9/22/69), 145 Ind. App. 314, 250 N. E. 2d 757. In order to reverse an order of a board which, as here, *denies* a variance the reviewing court must find that each of the five statutory prerequisites has been established as a matter of law, giving wide construction to the total evidence and resolving all doubts in favor of the board's determination. *Board of Zoning Appeals* v. *American Fletcher National Bank, supra.* In other words, the evidence *supporting* each preprequisite must be such that no reasonable man could fail to accept that prerequisite as proved.

The argument that every decision of a zoning board must be supported by substantial evidence of probative value is too

general in that it fails to appreciate the distinction between the denial and the granting of a variance.

The matter of the sufficiency of evidence to support an administrative determination was discussed at length in *Warren* v. *Indiana Telephone Company* (1940), 217 Ind. 93, 26 N. E. 2d 399, in which the Supreme Court said at page 118:

> "* * * In the final analysis, the finding of an administrative agency will not be disturbed when it is subjected to the scrutiny of a judicial review, upon the claim that it is not supported by the evidence, unless it is made to appear that the finding does not rest upon a substantial factual foundation * * *

> "* * * If, however, it should be made to appear that the evidence upon which the agency acted was devoid of probative value; that the quantum of legitimate evidence was so proportionately meagre as to lead to the conviction that the finding does not rest upon a rational basis * * * the order will be set aside * * * because the proof, taken as a whole, does not support the conclusion reached."

This discussion has been the basis for numerous Appellate and Supreme Court reviews of zoning board proceedings. It has not often been recognized, however, that while such discussion is generally applicable to board decisions *granting* variances, it is germane to board decisions *denying* variances only insofar as there may be evidence of record which detracts from, or which should be weighed against, other evidence tending to establish a particular statutory prerequisite. See *Board of Zoning Appeals of the City of Mishawaka* v. *School City of Mishawaka* (1957), 127 Ind. App. 683, 145 N. E. 2d 302.[2] Compare *Marion County Board of Zoning Appeals* v. *Trivett* (1967), 140 Ind. App. 691, 225 N. E. 2d 852; *Marion County Board of Zoning Appeals* v. *Sheffer and Clark, Inc.* (1966), 139 Ind. App. 451, 220 N. E.

[2] The result obtained in the *Mishawaka* case is readily understood when the particular facts of that case are reviewed in conjunction with the extremely broad statutory grounds for variances as set forth in Footnote 1, which grounds are particularly conducive to liberal interpretation. The variance sought in that case was solely from setback requirements in order to construct an essential addition to a highschool.

2d 543. It is inappropriate, we think, to require justification of a negative decision by "substantial evidence" since it is clearly the burden of a petitioner for a variance to establish the existence of each of the five statutory prerequisites. In order for a board properly to deny a variance, it is not always necessary that remonstrators appear and testify or that other evidence be presented in opposition to a variance.

As heretofore indicated, it is not necessary that there be evidence to substantiate the negative decision of the board. However, we might point out that the "evidence"[3] is conflicting with reference to the fifth statutory requirement and that we cannot conclude as a matter of law that the grant of the variance here sought does not interfere substantially with the metropolitan comprehensive plan.

The "evidence" most favorable to Standard Life might tend to indicate that the Metropolitan Plan Commission does not contemplate that the real estate in question will or can be used for residential purposes (the parcel is zoned in part for multiple family dwellings and in part for retail sales not including gasoline service station use) ; that the board of public works and the board of park commissioners approved the proposed variance; and, that within seventy-five feet of the parcel in question there exists a gasoline service station which would be abandoned if this variance were granted.

On the other hand, the executive director of the Metropolitan Planning Department appeared by counsel as a remonstrator along with a representative of the Indianapolis Redevelopment Commission. It was their view that the requested variance would interfere with rehabilitation, redevelp-

---

[3] Hearing procedures are remarkably liberal concerning those factors and matters which might be considered by zoning boards. The competence and persuasiveness of a presentation to a board as well as the thoroughness of the board's own consideration of the issues are necessarily restrained if not prohibited by very real time limitations placed upon petitioners, remonstrators and members of the board. See generally 1 Indiana Legal Forum, 398. Hearsay evidence, unsupported factual and legal conclusions, and speculation are no doubt encouraged, if not required by the great number of zoning matters to be determined by the board at a given session.

ment and code enforcement in the neighborhood. It was further indicated that a substantial sum of money had been appropriated for redevelopment of the area and that the use proposed for the subject real estate under the variance petition would detract from such redevelopment.

The board also had before it a statement of the executive director. The statement recommended strongly against the granting of the variance and set forth specific reasons for such recommendation as follows:

"1. Fall Creek Parkway, North Drive, should not be permitted to develop retail sales and service operations. Although the staff strongly recommends maintaining the Fall Creek frontage and residential uses, office buildings south of 30th Street have been recognized as an acceptable use, but with no retail or similar commercial aspects.

"2. No commercial or retail business cluster of any kind has been planned for this intersection. Business intersections to serve the neighborhood are located at 30th and 34th Streets. In fact, it is hoped that one of the final steps in the rehabilitation and renewal program for this neighborhood will be the removal of the existing commercial structures immediately at the intersection.

"3. Mapleton-Fall Creek Concentrated Codes Enforcement Program is an attempt to stabalize [sic] and renew the area to the north of this site as a fine residential area. All residential structures presently showing any signs of deterioration will be rehabilitated to meet all building and health codes. Such a residential neighborhood rehabilitation program must be aided by maximum control over removal of houses and insertion of commercial operations as represented in this instance. If not done, the residential character is broken away in an erratic pattern until there is no basis for trying to maintain it."

The reviewing court improperly found that such statement was not subject to cross examination by the petitioner and therefore could not be considered by the board. Statements of this nature are expressly authorized, and their consideration by the board contemplated, by Indiana

Acts 1955, ch. 283, § 71, as amended and as found in Indiana Annotated Statutes § 53-971 (Burns' 1969 Supp.), which reads, in part, as follows:

"No person, firm, corporation, public employee, or body politic shall contact any member of the board of zoning appeals, orally, or in writing, in advance of public hearing, on a case then pending for decision by such board except that the executive director, or member of his staff, may file not less than five [5] days prior to any proposed hearing, with any division of the board, a statement, in writing, setting forth any facts or opinion which he desires to set forth with respect to such proposed variance. * * *"

The executive director's statement here was largely in the nature of opinion or expectation and therefore peculiarly unsusceptible to cross examination. To the extent that such statement contained factual recitations, not subject to cross examination, as bases for such opinions or expectations, the statement is nevertheless not inadmissible. It is not shown that petitioner did not have access to such statement in advance of the hearing. Further, such facts were and are of a physical nature and readily available and obvious to the agents of appellee corporation familiar with the location. While such statement is perhaps not entitled to the weight or credit given to direct testimony or authenticated documentary evidence, its admission is not cause for reversal of a determination by the board of zoning appeals, in the light of the statute last above-quoted.

This court as well as the reviewing court is properly prohibited from introducing an independently conceived cause for reversal of a decision made within the legislatively conferred discretion of the Board of Zoning Appeals. So long as the controlling legislation continues to require establishment of five very restrictive prerequisites before a board can grant a variance, courts which review a negative determination by such board are virtually powerless to overturn such determination.

If the system or the framework within which it operates is imperfect perhaps it is in our inadequacy to provide sufficient forums sufficiently staffed and sufficiently compensated for the airing of grievances with respect to our zoning laws; perhaps there exists an attitude of neglect in permitting variances in obvious contravention of presumably well conceived and thoroughly comprehensive master plans; or, perhaps too rigid enforcement of legislative zoning restrictions constitutes unwarranted interferences with fundamental property rights of the citizens. Whatever the failings of the system or of the legislation governing it, the powers conferred upon the courts are not sufficient to remedy them. If the right of private citizens to reasonably utilize their property as they see fit is to outweigh the overall plan for orderly development of the general community such policy change must emanate from the General Assembly.

We now hold that the decision of the Superior Court is contrary to law. The judgment below is hereby reversed and the cause is remanded with instructions to enter judgment consistent with this opinion. The costs are hereby assessed against appellee Standard Life Insurance Company of Indiana.

Lowdermilk, P.J., Carson and Cooper, JJ., concur.

NOTE.—Reported in 251 N. E. 2d 60.