BRAUGHTON *v.* METROPOLITAN BOARD OF ZONING APPEALS, MARION COUNTY, ET AL.

[No. 868A139. Filed May 4, 1970. Rehearing denied June 2, 1970. Transfer denied October 2, 1970.]

*Scott Ging, Dongus, Ging, Stein & Cregor,* Indianapolis, for appellants.

*James C. Courtney,* Indianapolis, for appellees.

SULLIVAN, J.—The action below reviewed, by writ of certiorari, the granting of a zoning variance to appellees, William T. and Mrs. Harper, by the Metropolitan Board of Zoning Appeals of Marion County (hereinafter referred to as the Board). The Harpers had been granted a variance of use by the Board authorizing the construction of a gasoline service station upon a certain tract of land located upon the southwest corner at South Meridian Street and Southport Road in Mar-

ion County. The Superior Court of Marion County affirmed the decision of the Board.

Appellants maintain that the court below erred in affirming the decision of the Board for two reasons. First, appellants contend that appellees, Harpers, failed at the hearing before the Board to establish by sufficient evidence the five statutory prerequisites for the granting of a variance. At the time of the petition for variance in 1967, the five statutory prerequisites for the granting of a zoning variance were as follows:

"1. The grant will not be injurious to the public health, safety, morals, and general welfare of the community.

"2. The use or value of the area adjacent to the property included in the variance will not be affected in a substantially adverse manner.

"3. The need for the variance arises from some condition peculiar to the property involved and such condition is not due to the general conditions of the neighborhood.

"4. The strict application of the terms of the ordinance will constitute an unusual and unnecessary hardship if applied to the property for which the variance is sought.

"5. The grant of the variance does not interfere substantially with the metropolitan comprehensive plan adopted pursuant to sections 31 through 37 of this act." *Ind. Acts 1955, ch. 283, § 69, as last amended by Acts 1965, ch. 434, § 17, and as found in Ind. Stat. Anno. § 53-969* (Burns' 1969 Supp)[1]

Second, appellants contend that the Board previously had denied a variance for the same use of the same property and that no showing was made by the Harpers that there was any interim change in circumstances. It is argued in this connection that absent a showing of changed circumstances the Board is precluded from altering or overruling its prior decision.

---

1. The statute was further amended in 1969. Said amendment, however, did not alter the language of the five statutory prerequisites herein quoted

## THERE IS SUFFICIENT EVIDENCE TO SUSTAIN
## THE GRANTING OF THE VARIANCE

Appellants contend first that the Harpers failed to present sufficient evidence to sustain the five statutory prerequisites for the granting of a variance and more specifically that no evidence was presented that the use of land sought would not substantially and permanently impair the appropriate use of adjoining property. In this regard, appellants cite *Board of Zoning Appeals of the City of Indianapolis* v. *American Fletcher National Bank and Trust Co.* (1965), 139 Ind. App. 9, 205 N. E. 2d 322, as authority for the proposition that each prerequisite for a variance of use must be unequivocally present. Appellants accordingly submit that the second statutory prerequisite for a variance as hereinbefore set forth was not unequivocally established by substantial evidence.

Appellants fail to appreciate the distinction between the *denial* of a variance and the *granting* of a variance. See *Metropolitan Board of Zoning Appeals of Marion County* v. *Standard Life Insurance Co. of Indiana* (1969), 145 Ind. App. 363, 251 N. E. 2d 60. In order to obtain reversal of a zoning board order which, as in the *American Fletcher National Bank* case, *supra,* denies a variance, an appellant must show that all of the five statutory prerequisites have been established as a matter of law, i.e., are unequivocally present. *Metropolitan Board of Zoning Appeals of Marion County* v. *Standard Life Insurance Co. of Indiana, supra.* The standards for judicial review where the Board has *granted* a variance, as in the case at issue, however, are significantly different. See *R. J. Realty, Inc.* v. *Keith* (1969), 145 Ind. App. 314, 250 N. E. 2d 757. In order to reverse an order of a board which *grants* a variance, an appellant must show that the quantum of legitimate evidence was so proportionately meagre as to lead to the conviction that the finding and decision of the Board does not rest upon a rational basis *Warren* v. *Indiana Telephone Company* (1940),

217 Ind. 93, 26 N. E. 2d 399. In other words, when a Board *grants* a variance, in order to obtain a reversal, an appellant must show that at least one of the five statutory prerequisites is not supported by substantial evidence of probative value. Therefore, in this case, our examination must focus upon the question as to whether there is substantial evidence of probative value to support each of the five statutory prerequisites hereinabove set forth and more specifically whether there is substantial evidence of probative value to support the second statutory prerequisite.

Appellants contend that the only evidence presented to the Board tending to fulfill the statutory requirements was the testimony of the Harpers' attorney. They argue further that he could scarcely be expected to be disinterested and detached. Although we recognize that a petitioner's attorney may not be totally disinterested, we hold that the mere fact that the evidence upon which the Board bases its decision is so presented, is not in-and-of itself of such consequence as to warrant a finding by a reviewing court that one or more of the statutory prerequisites are not supported by substantial evidence of probative value. We commented on this problem in *Metropolitan Board of Zoning Appeals of Marion County* v. *Standard Life Insurance Co. of Indiana, supra,* as follows:

> "Hearing procedures are remarkably liberal concerning those factors and matters which might be considered by zoning boards. The competence and persuasiveness of a presentation to a board as well as the thoroughness of the board's own consideration of the issues are necessarily restrained if not prohibited by very real time limitations placed upon petitioners, remonstrators and members of the board. See generally 1 Indiana Legal Forum, 398. Hearsay evidence, unsupported factual and legal conclusions, and speculation are no doubt encouraged, if not required by the great number of zoning matters to be determined by the board at a give [sic] session." 251 N. E. 2d 60, 62 at footnote 3.

We hold that there is substantial evidence of probative value to support the five statutory prerequisites. More specifically with respect to the second statutory prerequisite, there was evidence presented that the value of the area adjacent to the property for which variance was sought would not be affected in a substantially adverse manner. There was also evidence that well-planned lighting, as here proposed has proven to be an asset in such neighborhoods; that the construction will be subject to conditions of the Marion County Gasoline Service Station Zoning Ordinance, which provides that there must be proper screening to fully protect the immediate neighbors on the north and west of the subject property; that the properties adjoining on the south and on the west are already screened with shrubbery and fencing; that proper buffering will be constructed on both the south and west lines of the subject property; and that the property at the northwest corner of the intersection consisting of a single large acreage parcel is well set back and already screened heavily along the north line of Southport Road with a thick growth of tall evergreens.

We accordingly reject appellants' argument that the evidence presented to the Board was insufficient to sustain the granting of the variance.

## PRIOR DENIAL OF VARIANCE DOES NOT BAR SUBSEQUENT GRANT OF VARIANCE UNLESS IT IS SHOWN THAT CIRCUMSTANCES ARE UNCHANGED

Appellants contend that the Board previously denied a petition for variance for the same property and for the same use and that no showing was made by the Harpers that there was any change in conditions or circumstances. Such claim is in the nature of an assertion of the doctrine of res judicata[2]

---

2. . Some authorities hold that decisions of an administrative agency denying a permit for use of premises under zoning regulations are not res judicata because of the nature of such tribunals. See Anno. 71 ALR 2d 1362, and cases there cited at Footnote 1.

and is to the effect that absent a showing of changed circumstances the Board's earlier determination is final and conclusive.

Although this question is one of first impression in Indiana, it may be said generally that a zoning board should not indiscriminately or repeatedly reconsider a determination denying a variance absent a change of conditions or circumstances. See *Whittle* v. *Board of Zoning Appeals* (1956), 211 Md. 36, 125 A. 2d 41; *St. Patrick's Church Corp.* v. *Daniels* (1931), 113 Conn. 132, 154 A. 343. If it were otherwise there would be no finality to such proceedings. *Torello* v. *Board of Zoning Appeals* (1940), 127 Conn. 307, 16 A. 2d 591. However, it would be unreasonable to require every party seeking a variance to show, in addition to the five statutory prerequisites, that the circumstances attendant to a prior denial of a variance had changed, *unless the issue is raised by the appearance of remonstrators* who introduce evidence indicating the existence of a prior denial and the lack of changed circumstances. The informal nature of the variance process makes an exact determination of the circumstances attendant to a prior denial very difficult. The inability to determine with any degree of precision the circumstances attendant to a prior denial, in turn makes it very difficult to show that the circumstances have, or have not changed. Therefore, the consideration of changed circumstances should be limited to situations in which the issue is raised by remonstrators who introduce evidence indicating the existence of a prior denial and a lack of changed circumstances.

A contrary view is reflected, however, in 2 Am Jur 2d, Administrative Law, § 496, as follows:

"Despite frequent general statements which indicate acceptance of the proposition that the doctrine of res judicata is not applicable where the earlier decision was made not by a court but by an administrative agency, or that the doctrine does not ordinarily apply to decisions of administrative tribunals, there is a wealth of reason and authority for application of that doctrine or a similar doctrine to the determinations of an administrative agency in a proper case, generally where the determinations are made for a purpose similar to those by a court and in proceedings similar to judicial proceedings. * * *"

In instances in which the doctrine of res judicata is clearly applicable it is unquestioned that the burden to plead and prove such defense is upon the person seeking to impose it. *Brown* v. *Street* (1877), 60 Ind. 8; *Guyer* v. *Union Trust Co.* (1914), 55 Ind. App. 472, 104 N. E. 82. It seems clear, therefore, that to the extent appellants' contention here seeks to overturn the granting of a variance, the burden of proof is likewise upon appellants. Persons relying upon an assertion of unchanged circumstances as a defense in zoning matters bear the burden of introducing evidence to prove the existence of a prior denial and the absence of changed circumstances or conditions. There was no burden upon the Harpers to show that there was a change in circumstances.

The sole evidence before the Board, and before the court below upon review, concerning this issue was the following statement by counsel for the remonstrators, appellants here. Said statement is as follows:

> "On April 12, 1966, this Board by a three to two (3-2) vote, and the same men being present on the Board, denied a variance application for this same use as being applied for today. In the law we call that 'res adjudicata'."

Such unsupported conclusion wholly fails to sustain appellants' burden concerning changed circumstances.

For the foregoing reasons the judgment of the trial court is affirmed and the costs hereof are assessed against the appellants.

Lowdermilk, C.J., Carson and Cooper, JJ., concur.

Note.—Reported in 257 N. E. 2d 839.

### Opinion on Petition for Rehearing

Sullivan, J.—Appellants herein have filed their petition for rehearing which, insofar as deemed pertinent, alleges that our decision of May 4, 1970, 146 Ind. App. 652, 257 N. E. 2d

839, was erroneous in its recollection of what evidence was introduced below. Said petition reads, in part, as follows:

"* * * that the sole evidence before the Board of Zoning Appeals, and before the Court below upon review, concerning the issue of unchanged circumstances and prior denials, was a statement by counsel for the remonstrators at the time of the original hearing before the Board of Zoning Appeals. Actually, there was introduced into evidence the Director's Statements in Petition No. 67-V4-96 which clearly showed previous filings. (Tr. pp. 95-96)."

Detailed re-examination of appellants' brief upon the merits and appellants' reply brief fails to disclose any statement, allegation or contention by appellants that any such exhibit was offered or admitted. In this connection it is well established that this court does not search the record in order to reverse the judgment or decision below. *Yuhas* v. *Review Board of Indiana Employment Security Division* (1969), 145 Ind. App. 625, 252 N. E. 2d 254.

In the interest of clarity, however, we have examined the transcript in its entirety. Despite appellants' failure to mention it in their briefs we find that a statement by the director of the Metropolitan Plan Commission concerning the variance petition filed by the Harpers was, in fact, admitted into evidence. Said statement reads as follows:

"The staff *strongly recommends denial* of this petition as it is in conflict with the existing character established in the area and the Comprehensive General Land Use Plan.

*History of this Intersection*

1. A service station was granted (50-V-65) for the southeast corner of this intersection 4-13-65.
2. Petition 50-V-65 was appealed (65-DA-9) and *denied* 5-13-65.
3. A service station was denied in April, 1966, (66-V4-22) for the *southeast* (sic) corner. (Emphasis supplied)
4. Petition (66-V4-224) was withdrawn for the same location 1-10-67.

There is no reason to justify a change in policy at this intersection as nothing has changed to date.

This proposal would establish a business operation in a completely residential area of fine, well-maintained homes. Furthermore, said business—specifically a service station—would set a precedent for expansion of commercial activity. The operational characteristics are wholly inconsistent with a residential district. These consist of such things as a commercial structure, large lighted signs, several small signs, lights, noise, dirt and increased concentrated traffic all of which would lower residential property values. Although the present residential lot is occupied by an aging house, the property is of sufficient size, and is well related to other residential properties to be continued in residential use.

There are well-planned commercial centers existing or proposed at the following locations:

1. Approximately 6 acres of commercial ½ mile south at Meridian and Stop 11.

2. Approximately 1 mile south at the proposed new Stop 11 there are 4 acres of commercially zoned land.

3. Approximately 90 acres zoned between Stop 10 and Stop 11 at Shelby and U.S. #31."

It is noted that nowhere in the "History of this Intersection" or elsewhere in the Director's Statement is any mention made of the southwest corner of the intersection in question. The variance petition granted herein specifically sought relief for the southwest corner of the intersection. If anything, therefore, the Director's Statement directly controverts the gratuitous comment by counsel for the remonstrators heretofore quoted in the opinion on the merits.

We deny appellants' petition for rehearing.

Lowdermilk, C.J., Carson and Cooper, JJ., concur.

NOTE.—Reported in 258 N. E. 2d 866.