317 N.E.2d 185 (1974)
James R. and Margaret B. EASLEY et al., Appellants,
v.
METROPOLITAN BOARD OF ZONING APPEALS OF MARION COUNTY, Division III, et al., Appellees.
No. 2-873A188.
Court of Appeals of Indiana, Second District.
September 18, 1974.
Rehearing Denied November 1, 1974.
*187 Norman T. Funk, Ricos, Wade & Price, Indianapolis, for appellants.
James A. Buck, Anthony M. Benedict, Indianapolis, for appellees.
SULLIVAN, Presiding Judge.
This is an appeal from the Superior Court of Marion County, Room No. 4, which affirmed a decision of the Metropolitan Board of Zoning Appeals of Marion County, Division III, granting a zoning variance for the construction of a sixty-four (64) unit townhouse apartment complex on a 5.05 acre parcel on the east side of Indianapolis, Indiana, immediately adjacent to the eastern boundary of the incorporated Town of Warren Park. A prior 1969 petition seeking a variance for townhouse apartments had been denied.
The judgment below was accompanied by Findings of Fact and Conclusions of Law which recite the essence of the dispute. They are as follows:
"FINDINGS OF FACT
1. That the Defendant, Anthony J. Fosso, is the Conditional Vendee of and has the written consent of owners R.C. and Lillian Mary Hiller, Conditional Vendors of a certain parcel of real estate ("Real Estate"), situated in Marion County, Indiana:
(legal description)
2. That Defendant Fosso filed his "Petition for Variance of Zoning", before the Metropolitan Board of Zoning Appeals of Marion County, Indiana, Division III `The Board', which case was heard by The Board on July 25, 1972, and August 22, 1972.
3. The Request for Variance was filed to allow use of the Real Estate, presently zoned D-3 for the construction of 64 units of apartments, as per plans filed with the said Petition.
4. The Board, hearing the case, designated 72-UV3-105 had four members present on the hearing on July 25, 1972, and after hearing of evidence from Petitioner and Remonstrators there were two ballots marked yes and two ballots marked no, the vote being indecisive, the case was continued to August 22, 1972.
5. On August 22, 1972, additional evidence was heard, the evidence being cumulative, at the conclusion of which the four members of The Board cast their ballots and unanimously voted in favor of the Petitioner below, Respondent Fosso herein.
6. Thereafter the Petitioners timely filed their writ of certiorari in this Court and there being no objection made by Respondents, certiorari was granted. The Grant of the Variance by The Board on the Petition of Fosso calls for 64 apartments to be constructed on the Real Estate, a deceleration lane, or a third lane in front of the Real Estate to be constructed at the expense of the Petitioners, sidewalks, connection to the existing sanitary sewer, city water, a Club House and screening on the Northwest and South of the said Real Estate.
7. The Plaintiffs herein, Remonstrators below, timely raised the subject of res judicata at the hearing before The Board as it applies to a prior hearing, concerning the subject property, such Docket No. being Metropolitan Board of Zoning Appeals, Marion County, Indiana, Docket No. 69-V2-80.

*188 8. There are material differences between the plans filed in cause number 69-B2-80 [sic] and the instant case, docket number 72-UV3-105, which differences are:
a. There has been a change in the immediate neighborhood, with the expansion and enlargement of the Allstate Insurance Company immediately behind the subject property and the expansion of its parking lot in the same location.
b. There was no additional lane added to Edmondson Street in the 1969 Plan as there was in the 1972 Plan.
c. There were 72 units of apartments in the 1969 Plan and 64 units in the 1972 Plan.
d. There was a laundry building provided in the 1969 Plan and it has been eliminated in the 1972 Plan.
e. There is a Club House in the 1972 Plan and there was none in the 1969 Plan.
f. There was no screening in the 1969 Plan and there is screening on the Northwest and South of the Real Estate in the 1972 Plan.
9. There is substantial evidence of probative value which is competent as to the foundation for the decision of The Board in regard to the elements of IC XX-X-X-XX, Burns Ind. Stat. Ann. § 53-969 which statutory prerequisites must be met, before The Board can grant the Variance.
CONCLUSIONS OF LAW
1. This Court has jurisdiction over the review of the decisions of the Metropolitan Board of Zoning Appeals, Marion County, Indiana.
2. Res judicata, although properly and timely raised, does not apply in this case because of the change of conditions and circumstances and the action of The Board was not to allow this Variance to be indiscriminately or repeatedly filed after a prior denial.
3. There is sufficient evidence of probative value to sustain the decision of The Board in the granting of the Variance.
IT IS, THEREFORE, ORDERED ADJUDGED AND DECREED, by the Court:
1. The decision of the Metropolitan Board of Zoning Appeals of Marion County, Division III, Docket No. 72-UV3-105, R.C. and Lillian Mary Hiller, by Anthony Fosso, by James A. Buck, dated August 22, 1972, is hereby affirmed.
2. Costs of this action are assessed against the Petitioners."

I

COURT REVIEWING ADMINISTRATIVE GRANT OF ZONING VARIANCE MAY NOT PREMISE JUDGMENT UPON FACTUAL ISSUE UNLESS COVERED BY ADMINISTRATIVE FINDINGS
The matter for our determination is presented by appellants' basic claim, in the nature of res judicata, that the prior variance denial in 1969 bars the grant of a variance to petitioners under facts and procedures such as here involved. More specifically, we look to the following assertion of error upon which we reverse the judgment appealed:
"5. The Board of Zoning Appeals failed to make a finding with respect to res judicata."
Only the findings of the Board, as supportive of the variance grant were subject to the review of the Marion Superior Court. Those findings, limited by the pre-prepared form upon which they appear, are verbatim as follows:
*189 
*190 No finding, either general or specific, was made by the Board which in any manner touches upon a defense in the nature of res judicata or upon a consideration of changed conditions or circumstances. Yet the court below superimposed upon its review a finding with respect to the defense of "res judicata" and a conclusion of law that such defense "does not apply in this case because of the change of conditions and circumstances ...". Such gratuitous findings and conclusions were beyond the appropriate scope of the court's review power and constitute a usurpation of the Board's fact finding function.
As this court noted in Transport Motor Express, Inc. v. Smith (1972), Ind. App., 289 N.E.2d 737, 745:
"The Board's domain is the facts; ours is the law. We usurp its authority if we find by presumption the facts it fails to find expressly."
The law as thus stated was adopted by the Supreme Court upon transfer. Transport Motor Express, Inc. v. Smith (1974), Ind., 311 N.E.2d 424 at 425.
Our Supreme Court has very recently reaffirmed this legal premise in Indiana Stream Pollution Control Board v. United States Steel Corp. (1974), Ind., 313 N.E.2d 693. In so doing, the Court followed Department of Financial Institutions v. State Bank of Lizton (1969), 253 Ind. 172, 252 N.E.2d 248 in which the administrative board had denied a petition to open a branch bank. Dispositive of the matter before us is the following language from the latter case:
"The appellant urges that the trial court, in the judicial review of the administrative action of the Department of Financial Institutions, erroneously and without authority, made its own special findings of fact as to the merits of the application and had no authority to order the Department of Financial Institutions to make a special finding of fact in accordance with the trial court's findings on the merits of the application.
* * * * * *
"The record shows that the trial court reached its own conclusions as to the merits determined from the evidence presented and made its own special finding of fact, ... . The trial court, in reviewing the administrative action, has no right to weigh conflicting evidence and choose that which it sees fit to rely upon.
* * * * * *
"The failure of the Department of Financial Institutions to make a special finding to support its decision in this case does not necessarily invalidate its order or proceedings. It is a technical defect in the procedure which, in our opinion, the Department should have an opportunity to remedy.
The judgment of the trial court is therefore reversed, with directions that it remand the case to the Department of Financial Institutions, with directions to make a special finding of fact and for further proceedings thereafter not inconsistent with this opinion." 253 Ind. at 174, 177 and 179, 252 N.E.2d at 249, 251 and 252.
We hold likewise.
Although we reverse the judgment appealed upon a limited basis, it is appropriate to treat one other assertion of error made by appellant as such relates to the application of a doctrine in the nature of res judicata. We do so in order that the Board, upon remand might have the benefit of the views set forth herein and in order that its findings with respect to a "res judicata" issue might be made now and in the future in the light of and in conformity with the views herein expressed.

II

(A) REMONSTRATORS DO NOT BEAR BURDEN OF PROOF TO ESTABLISH THAT CONDITIONS ARE UNCHANGED SINCE TIME OF PRIOR VARIANCE DENIAL
Remonstators rely upon Braughton v. Metropolitan Board of Zoning Appeals *191 (1970), 146 Ind. App. 652, 257 N.E.2d 839 in their assertion that once remonstrators have submitted evidence of unchanged circumstance, a prior denial of a zoning variance is res judicata. They quote therefrom as follows:
"Persons relying upon an assertion of unchanged circumstances as a defense in zoning matters bear the burden of introducing evidence to prove the existence of a prior denial and the absence of changed circumstances or conditions." 257 N.E.2d at 843.
Throughout Braughton, we spoke of a burden upon remonstrators to come forward with evidence of unchanged circumstances before it would be considered that an issue existed as to a defense in the nature of res judicata. In noting that where "the doctrine of res judicata is clearly applicable [as opposed to administrative proceedings in which application of the doctrine in its strict sense is questionable], it is unquestioned that the burden to plead and prove such defense is upon the person seeking to impose it.", we went on to say:
"It seems clear, therefore, that to the extent appellants' contention here seeks to overturn the granting of a variance, the burden of proof is likewise upon appellants." 146 Ind. App. at 659, 257 N.E.2d at 843.
The latter statement particularly was ill-advised insofar as it would place a burden of proof upon remonstrators relative to unchanged circumstances.[1] See Note 46 Ind. L.J. 286 at 295. We now, therefore, specifically disapprove that portion of the Braughton opinion. (See also Board of Zoning Appeals v. Sink (1972), Ind. App., 285 N.E.2d 655 and Dellinger v. Hagest (1973), Ind. App., 299 N.E.2d 222 wherein Braughton was quoted with approval.) To do otherwise would be to promote the inconsistency which exists between the disapproved statement and the general policy which we approved in Braughton:
"that a zoning board should not indiscriminately or repeatedly reconsider a determination denying a variance absent a change of conditions or circumstances... . If it were otherwise there would be no finality to such proceedings." 146 Ind. App. at 658, 257 N.E.2d at 842.
As will be hereinafter discussed it is even inappropriate, under optimum zoning procedures, to require remonstrators to bear the burden of coming forward with evidence of unchanged circumstances. Given present and past procedures followed in zoning proceedings, it is also unduly burdensome to require variance petitioners to prove that conditions and circumstances have changed since the time of a prior denial.

(B) BOARD MUST MAKE FINDINGS OR GIVE STATEMENT OF REASONS FOR DENIAL OF VARIANCE AND HEREAFTER SUCH DENIAL SHALL BAR RECONSIDERATION UPON SUBSEQUENT PETITION UNLESS PETITIONER PROVES CHANGE IN CONDITION OR CIRCUMSTANCE WHICH INDUCED PRIOR DENIAL
Unfortunately when we recognized in Braughton that a zoning board should not indiscriminately reconsider its determinations absent a change in conditions or circumstances, we did not delineate what sort of "change of conditions or circumstances" would justify reconsideration. One of Braughton's authorities, however, St. Patrick's Church Corp. v. Daniels (1931), 113 Conn. 132, 154 A. 343, 345, provides the answer:
"When the facts and circumstances which actuated an order or a decision *192 are alleged and shown to have so changed as to vitiate or materially affect the reasons which produced and supported it, and no vested rights have intervened, it is reasonable and appropriate to the functions of the board that the subject matter be re-examined in the light of the altered circumstances." [Emphasis supplied]
In other words it is not any changed circumstance or condition which will authorize subsequent reconsideration. It must be a change in the particular circumstance or condition which induced the prior denial.
Therein lies the rub  for having recognized and adopted the logical, if not the obvious, as our premise we are confronted with a defective procedural practice which, unless corrected, renders the premise virtually impossible to apply.
In Braughton we acknowledged the spectre of the problem here confronted when we said:
"The informal nature of the variance process makes an exact determination of the circumstances attendant to a prior denial very difficult. The inability to determine with any degree of precision the circumstances attendant to a prior denial, in turn makes it very difficult to show that the circumstances have, or have not changed."
But we did not accurately articulate the source of the problem nor a solution to it.
The procedural defect of which we speak is the failure of the Board to make a finding or statement of reasons which specifies the basis for denying a variance petition. The defect has persisted, however, only because those who have been denied variances have allowed it to exist. Under the rule of Department of Financial Institutions v. State Bank of Lizton, supra, unsuccessful variance petitioners are entitled to such a finding or statement of reasons.
The crux of the problem then, as it arises in subsequent variance proceedings, is the very real inability for any party to whom the burden may be assigned, to prove or disprove that there has been a change of a fact or circumstance which nowhere is articulated or made of record. Unless the party charged with the burden of proving change or the absence thereof, has knowledge of the original fact, condition or circumstance which prompted the prior variance denial, he cannot prove or disprove that such fact, condition or circumstance has changed. It is for this reason that we impose upon the Board a requirement that in all future cases and in those pending or in which the determination has not become final, it specify by factual finding or by a statement of reasons the basis for denial of variance petitions. Thereafter, remonstrators against subsequent variance petitions may successfully assert a defense in the nature of res judicata by merely establishing the fact of the prior denial unless the petitioner proves that there has been a change in the conditions, circumstances or facts which induced the prior denial.

(C) INTERIM STANDARD APPORTIONING EVIDENTIARY BURDEN RELATIVE TO VARIANCES DENIED PRIOR TO NOVEMBER 1, 1974, AND WHICH ARE UNSUPPORTED BY FINDINGS OR STATEMENT OF REASONS
Enforcement of the requirement that the Board state reasons for a variance denial and our imposition of the burden of proof upon a subsequent variance petitioner wishing to avoid such denial as a bar must logically and equitably have prospective application only. With respect to variances denied prior to November 1, 1974, and which denials are unsupported by findings or by a statement of reasons, we will not, therefore, impose to the extent hereinbefore enunciated the burden of proof on the subsequent petitioner for variance.
Although we could here overrule Braughton as to the effect of prior variance denials upon subsequent petitions and simply hold that denials unaccompanied by findings or a statement of reasons may not be interposed as a defense in the nature of *193 res judicata, we believe the hiatus is more wisely covered by a standard which recognizes some degree of finality in prior variance determinations but in which the burdens placed upon petitioners or remonstrators are neither impossible nor unduly or avoidably harsh.
During the interim then, the evidentiary burden must fall upon one party or the other, or the burden must be apportioned, and there must be some guideline for determination of the issue. In the light of the difficulties and problems hereinbefore discussed in Part II(B), we recognize that any standard may be less than wholly satisfactory and may to some extent defy traditional concepts of litigative responsibility. Mindful of this risk, we nevertheless establish the following standard for those cases (including the cause here considered) which involve a pre-November 1, 1974 variance denial as a claimed bar to reconsideration: When such denial is unsupported by findings or by a statement of reasons and is sought to be interposed as a defense in the nature of res judicata, it shall be incumbent upon the remonstrator to first establish the fact of the prior denial and to come forward with evidence, or to otherwise indicate with specificity, that material conditions and circumstances have not changed since that time. The prior denial then presents an issue upon which petitioner bears the burden of persuasion. It thus becomes the duty of the Board to determine, as a question of fact, upon all the evidence before it, whether such conditions or circumstances have or have not changed and whether such changes as proved by petitioner, if any, are sufficient to render the variance petition then being considered materially different than that which was previously denied. The focus of the Board's determination is necessarily placed upon comparison of the variance petition which was denied with the petition being immediately considered. For reasons hereinbefore set forth, the focus cannot be placed on the facts or conclusions which prompted the prior denial. Those facts and conclusions are locked subjectively in the minds of the members of the Board which denied the prior petition. In requiring that the Board determine that the petition under consideration be materially different from that which was denied we, as nearly as feasible during the interim period, impose a requirement which dictates a consideration of the conditions and circumstances which existed at the time of the prior denial. It approximates as closely as we have been able to devise, the standard which we have established for the future, i.e., that a variance be granted only if there has been a change in the circumstance, condition or fact which induced the prior denial. We reiterate, however, that from and after November 1, 1974, the Board must enter specific findings or a statement of reasons when denying a variance.
For the reason set forth in Part I hereof, we hereby reverse the judgment with instructions to remand to the Metropolitan Board of Zoning Appeals in order that a finding be made with respect to the remonstrators' defense in the nature of res judicata, or for further proceedings not inconsistent with this opinion.
BUCHANAN and WHITE, JJ., concur.
NOTES
[1] The issue for resolution thus differs from the true res judicata defense. Other factors which indicate that the defense is not truly one of res judicata in its strict sense include the "identity of parties" requirement. See Braughton v. Metropolitan Board of Zoning Appeals, 146 Ind. App. 657-658 at footnote 2, 257 N.E.2d 839.