TELL CITY BOARD OF ZONING APPEALS, WALTER LAMASTUS, SECRETARY *v.* PAUL FRANZMAN.

[No. 1-37A62. Filed May 10, 1976.]

---

*Ralph Zoercher, Zoercher, Becker & Huber,* of Tell City, for appellant.

*S. Anthony Long, Scales and Long,* of Boonville, for appellee.

LYBROOK, J.—Defendant-appellant Tell City Board of Zoning Appeals (Board) appeals from a decision of the Perry Circuit Court reversing Board's denial of plaintiff-appellee Franzman's application for a zoning variance. During oral argument of this cause Board waived all alleged errors except the issue of whether the trial court exceeded the scope of judicial review in reversing the negative determination of Board.

Th record reveals that Franzman is the owner of certain real estate in Tell City located in an area zoned for residential use. Franzman, on three separate occasions, filed requests for a variance with Board, seeking permission to establish a sporting goods and bait and tackle business on his land. On each occasion Board, after hearing, denied Franzman's request.

From the third denial of his request for variance which came on March 20, 1973, Franzman petitioned the Perry Circuit Court for a writ of certiorari. At trial, the evidence considered by the court included Board's return to the writ, the Tell City Zoning Ordinance, and the requests for and actions taken by Board on variance applications previously filed.

On November 15, 1974, the trial court entered judgment reversing Board's denial of Franzman's requested variance and mandating Board to grant his request.

Board maintains that the trial court exceeded the scope of judicial review in setting aside the negative determination of Board on Franzman's variance request.

In *Speedway Board of Zoning Appeals v. Standard Concrete Materials, Inc.* (1971), 150 Ind. App. 363, 276 N.E.2d 589,

this court examined at length the scope of judicial review in the trial court of a negative decision of a board of zoning appeals on a request for a variance:

"The scope of judicial review is more limited when the decision from the Board of Zoning Appeals is negative. Where there is a denial of a petition for a variance and reversal on review, '* * * the reviewing court must find that each of the five statutory prerequisites has been established as a matter of law, giving wide construction to the total evidence and resolving all doubts in favor of the Board's determination. * * * In other words, the evidence supporting each prerequisite must be such that no reasonable man could fail to accept that prerequisite as proved.' Metropolitan Board of Zoning Appeals v. Standard Life Insurance Co. (1969), [145] Ind. App. [363], [18 Ind. Dec. 562], 251 N.E.2d 60.

"The Marion County Superior Court used the test of 'substantial evidence of probative value' which is applicable only when reviewing a decision granting a variance. In R. J. Realty, Inc. v. Keith (1969), [145] Ind. App. [314], 250 N.E.2d 757, we held that:

'The findings of facts and conclusions of law made by the court below demonstrate a failure to apply the proper rule of law in reviewing the decision of the board. In determining whether the board's decision was, or was not, contrary to law, it is immaterial that "there is substantial evidence of probative value in the record tending to show * * *" the converse of the statutory determinations made by the board. The question before the court was whether there was or was not "substantial evidence of probative value authorizing the grant of the variance on [each of the five] grounds" which the board did specially find to have been proven as required by Burns' Ind. Stat. Ann., § 53-969 (1969 Supp.). Kessler etc. v. Board of Zoning Appeals, 137 Ind. App. 610 [6 Ind. Dec. 109], 209 N.E.2d 43 (1965) ; Nelson v. The Board, etc., 240 Ind. 212, 162 N.E.2d 449 (1959).'

"The test of 'substantial evidence of probative value' cannot be used in reviewing every decision from a board of zoning appeals. It '* * * is too general in that it fails to appreciate the distinction between the denial and the granting of a variance.' Metropolitan Board of Zoning Appeals v. Standard Life Insurance Co., *supra,* 18 Ind. Dec. at 564, 251 N.E.2d at 61. Our court stated in this case that it is not practical or realistic '* * * to require justification of a negative decision by "substantial evidence" since it is clearly

the burden of petitioner for a variance to establish the existence of each of the five statutory prerequisites. In order for a board properly to deny a variance, it is not always necessary that remonstrators appear and testify or that other evidence be presented in opposition to a variance.' Therefore, the judicial review of a board's decision which denies a variance is different from a board's decision which grants a variance.

"The exercise of discretion is not within the judicial review. The board '* * * has wide discretion whether or not to grant a variance to a zoning ordinance, and in reviewing the Board's decision, the trial court may not substitute its discretion for that of the Board.' Board of Zoning Appeals of the City of Indianapolis v. American Fletcher National Bank and Trust Company (1965), 139 Ind. App. 9, 12, 205 N.E.2d 322, 324.

"When reviewing a negative decision, the reviewing court should examine each of the five statutory requirements for a variance and determine as a matter of law that each is: '* * * unequivocally present, giving wide construction to the total of the evidence introduced both before the Board and that given before the trial court, resolving all doubts in favor of the Board's determination.' Board of Zoning Appeals v. American Fletcher National Bank and Trust Company, *supra*, 139 Ind. App. at 14, 205 N.E.2d at 324."

In the case at bar, it is clear from the trial court's finding number 10 that the court used the test of "substantial evidence of probative value" in reviewing Board's negative determination:

"10. The plaintiff presented substantial evidence of probative value to the defendant to establish that his request would not be contrary to public interest; that unnecessary hardship would result from a literal enforcement of the ordinance; that the spirit of the ordinance could be observed and substantial justice done in granting his request."

For the same reasons cited by this court in *Speedway, supra,* we are compelled to conclude that the trial court herein exceeded the scope of judicial review. We must therefore reverse the judgment of the trial court and remand this cause to the Perry Circuit Court with instructions to vacate and set aside the findings and judgment previously herein rendered. Said court is further instructed

to review the decision of Board in conformity with the standards advanced by *Speedway Board of Zoning Appeals* v. *Standard Concrete Materials, Inc., supra,* and to make special findings based upon such review, then enter judgment accordingly.

Reversed and remanded with instructions.

Robertson, C.J. and Lowdermilk, J., concur.

NOTE.—Reported at 346 N.E.2d 264.