**CITY OF BLOOMINGTON BOARD OF ZONING APPEALS, Appellant–Defendant,**

v.

**DELTA TREATMENT CENTER OF INDIANA, INC., Appellee–Plaintiff.**

No. 53A01–9006–CV–227.

Court of Appeals of Indiana, First District.

Oct. 10, 1990.

Linda Runkle, Corp. Counsel, City of Bloomington, Bloomington, for appellant-defendant.

Michael L. Carmin, Cotner, Andrews, Mann & Chapman, Bloomington, for appellee-plaintiff.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

The City of Bloomington Board of Zoning Appeals ("BZA") appeals the judgment of the Monroe Superior Court remanding the application for special zoning exception by Delta Treatment Center of Indiana, Inc. ("Delta") to the BZA. The trial court instructed the BZA to take further evidence and make new findings or grant the exception to build a rehabilitative facility for sixty emotionally and physically abused children in a single-family residential zone. We reverse.

## FACTS

After several procedural steps transpired, the BZA conducted a hearing on September 5, 1989, on Delta's petition for a special exception. The BZA unanimously denied the petition, because Delta failed to demonstrate the safety of the surrounding area would not be impaired. Following Delta's petition for a writ of certiorari, the Monroe Superior Court granted certiorari on October 27, 1989. The order entered on February 27, 1990, found the BZA's denial of the petition was not supported by the evidence and the BZA unreasonably found that safety of the area would be impaired. The trial court remanded with instructions for the BZA to hear further evidence and make new findings or to grant Delta's petition. BZA appeals the trial court's determination.

## ISSUE

Whether the trial court exceeded the limits of judicial review in reversing the unanimous decision of the BZA which denied the petition for special exception by Delta to build a rehabilitative facility in a single-family residential zone.

## DISCUSSION AND DECISION

We are governed by the presumption that an agency's decision is correct in light of its expertise. *Time–Low Corp. v. La-Porte Board of Zoning Appeals* (1989), Ind.App., 547 N.E.2d 877, 879, *trans. de-*

*nied; Porter County Board of Zoning Appeals v. Bolde* (1988), Ind.App., 530 N.E.2d 1212, 1215.[1] The standard of review is stricter when considering a denial of a petition. *Porter County Plan Commission v. Burns Harbor Estates* (1982), Ind.App., 437 N.E.2d 1053, 1055. Our review is confined to the same standard as the trial court's in reviewing the BZA's denial of Delta's petition. The denial of a petition is examined by review of the evidence and inferences supporting the denial, resolving all doubts in the evidence in favor of the Board. *Boffo v. Boone County Board of Zoning Appeals* (1981), Ind.App., 421 N.E.2d 1119, 1125. The statutory requirements must be established as a matter of law before the BZA's decision can be reversed. *Speedway Board of Zoning Appeals v. Popcheff* (1979), 179 Ind.App. 399, 401, 385 N.E.2d 1179, 1180–81; *Speedway Board of Zoning Appeals of Marion County v. Standard Concrete Materials, Inc.* (1971), 150 Ind.App. 363, 367, 276 N.E.2d 589, 592.

■ The Bloomington Municipal Code permits a rehabilitative facility to be built in an area zoned for single-family residences if the requirements of a special exception are met. The statutory criteria that Delta must satisfy to be granted a special exception are presented in the Bloomington Municipal Code § 20.11.06.00. The four criteria concern location, access, safety, and parking. The BZA found Delta failed to satisfy the safety requirement. Specifically, the Code requires the petitioner to show the safety of the surrounding area will not be impaired and the use is compatible with adjacent and surrounding uses. Bloomington, IN Municipal Code § 20.11.06.03 (1975).

The BZA's decision relied on the testimony of Williamson and Keller and noted Delta's failure to establish safety would not be impaired. The findings of the Monroe Superior Court refer to the factual evidence of Deputy Williamson's and Warrant Officer Keller's testimony upon which the BZA based their decision. Deputy Williamson presented statistics on runaways from Del-

---

1. Some of our citations involve variances rather than special exceptions. The standard of review of a variance is the same standard as for a special exception. *Ash v. Rush County Board of Zoning Appeals* (1984), Ind.App., 464 N.E.2d 347, 352, *trans. denied.*

ta facilities, and Officer Keller discussed specific incidents involving Delta children. The trial court dismissed two of five factual events mentioned by Williamson and Keller as irrelevant to the safety of the neighborhood. One incident was regarded as isolated and remote. The court found the remaining two incidents relied on by the BZA did not result in physical or property damage in the neighborhood. Therefore, the trial court concluded no evidence established a Delta facility would impair safety in the neighborhood. The trial court held Delta had met the statutory requirements and that no reasonable person could find otherwise. We disagree.

The reviewing court cannot reweigh the evidence or substitute its discretion for that of the BZA. *Tell City Board of Zoning Appeals v. Franzman* (1976), 169 Ind. App. 96, 99, 346 N.E.2d 264, 265. The BZA found Delta failed to establish the safety requirement despite its offer of its handbook and license approval. The BZA relied on the evidence presented by Williamson and Keller and determined the safety of the area would be impaired. The BZA denied the petition because Delta had not overcome its burden of establishing the statutory requirement of safety. The trial court erroneously reversed finding no reasonable person could fail to accept that Delta had established that safety would not be impaired. *See Maxey v. Board of Zoning Appeals* (1985), Ind.App., 480 N.E.2d 589, 594, *trans. denied; Boffo,* 421 N.E.2d at 1125. The BZA has wide discretion when considering a special exception petition. *Franzman,* 346 N.E.2d at 265. In view of the record, we do not find the safety requirement was unequivocally proven. *See id.* at 266. We conclude the trial court abused its discretion by reversing the BZA's determination. *See Porter County Plan Commission,* 437 N.E.2d at 1055.

Reversed.

ROBERTSON and GARRARD, JJ., concur.