METROPOLITAN BOARD OF ZONING APPEALS OF MARION COUNTY
v. MARK MULLIN.

[No. 871A146. Filed December 28, 1971.]

*Harold Kohlmeyer, Jr.,* Corporation Counsel, *David F. Rees,* Assistant City Attorney, of Indianapolis, for appellant.

*C. Keith Pettigrew,* of Indianapolis, for appellee.

ROBERTSON, J.—The appellant board is seeking to reverse the decision of the trial court, who reversed the board's denial of Mullin's request for a variance which would allow the expansion of his tool-rental business.

Mullin, through his attorney, made a presentation to the board, and introduced certain exhibits. The remonstrator was a member of the staff who offered the strong recommendation for the denial by pointing out plans for a neighborhood park, and the need for protection of residential character of the neighborhood in the future.

Mullin initiated a judicial review of his denial. No testimony was given. The case was submitted upon the record made before the board, and legal argument of counsel. The trial court entered judgment reversing the prior decision and ordered the granting of the variance.

The board assigns two major specifications in its overruled Motion to Correct Errors. In view of the decision this court reaches, it shall be necessary to discuss but one, namely: the court's decision and order is not sustained by sufficient evidence and is contrary to the evidence.

The responsibility of the trial court in reversing a negative order of a zoning board is set forth in *Metropolitan Bd. of Zon. App.* v. *Standard Life Ins. Co.* (1969), 145 Ind. App. 363, 251 N. E. 2d 60, where it was said that each of the

five following statutory requisites must be established as a matter of law by the petitioner. These five requisites are:

"1.  The grant will not be injurious to the public health, safety, morals, and general welfare of the community.

2.  The use or value of the area adjacent to the property included in the variance will not be adversely affected.

3.  The need for the variance arises from some condition peculiar to the property involved and does not exist in similar property in the same zone.

4.  The strict application of the terms of the ordinance will constitute an unusual and unnecessary hardship if applied to the property for which a variance is sought.

5.  The grant of the variance does not interfere with the metropolitan comprehensive plan. . . ."

IC 18-7-2-71, Ind. Ann. Stat. § 53-969 (Burns 1964). The evidence supporting each prerequisite must be such that no reasonable man could fail to accept that prerequisite as proven. A review of testimony and argument presented to the Board of Zoning Appeals reveals the Petitioner, Mullin, failed to make such a case.

The trial court, as a matter of law, erred in reversing the board's denial of a variance. This cause is reversed and remanded for the purpose of entering judgment consistent with this opinion.

Sullivan, P. J., Buchanan and Lowdermilk, JJ., concur.

NOTE.—Reported in 276 N. S. 2d 579.