360 N.E.2d 848 (1977)
METROPOLITAN BOARD OF ZONING APPEALS OF MARION COUNTY, Indiana, Division III, Appellant,
v.
Robert GRAVES and Ardis Graves, Appellees.
No. 2-475A114.
Court of Appeals of Indiana, Second District.
March 10, 1977.
*849 David F. Rees, Indianapolis, for appellants.
Henry Y. Dein, Indianapolis, for appellees.
WHITE, Judge.
The appellant Metropolitan Board of Zoning Appeals of Marion County, Division III (Board), denied the appellees' (Graves) petition for a use variance that would permit the establishment of a one-chair beauty parlor in the basement of an apartment building located in a residentially zoned area. Graves obtained review by Writ of Certiorari in the Marion Circuit Court. The court found the Board's decision to be "not proper and illegal" and remanded the case to the Board for further proceedings.
We reverse.
The pertinent portions of the court's findings and its decree are:
"3. The evidence in this cause, the transcript of proceedings before the defendant board, the exhibits introduced therein, along with communications from various other agencies and with the orders, entries and papers in connection with the hearing before the board, disclosed that there was substantial evidence of probative value establishing the following:
(a) The grants of the variance will not be injurious to the public health, safety, morals and general welfare of the community because: the proposed use is in the basement of the existing apartment building and consists of a service which is indeed helpful and necessary *850 for the general welfare of the elderly ladies living in the apartment building and it does not involve any noxious activity.
(b) the use or value of the area adjacent to the property including the variance will not be affected in a substantial manner adversely because the use will be entirely enclosed within the existing building.
(c) the need for the variance arises from some conditions peculiar to the property, and such condition is not due to the general conditions of the neighborhood because the property consists of an existing apartment building in which there are approximately 50 elderly women living, many of whom are not ambulatory and cannot travel to other places for the beauty shop service.
(d) a strict application of the terms of the ordinance will constitute unnecessary and unusual hardship as applied to the property for which the variance is sought because: the use requested is an incidental and harmless use not permitted under the terms of the existing classification.
(e) the grant of the variance does not interfere substantially with the Metropolitan Comprehensive Plan because: the character and integrity of the area will not be affected in the slightest by the operation of this one chair beauty shop which will be handling the elderly clients that live on the premises.
"4. The defendant board received no substantial evidence of the existence of the substantial reason why the requested variance should be denied.
"5. The defendant board made no findings of fact stating any factual reasons for the denial of the variance as required so that the petitioners and other interested parties might determine the reason of the denial of the variance and take an appropriate appeal therefrom where the facts stated in the required findings of fact and conclusions of law are at variance with the evidence presented before the said board.
"6. That the law is with the plaintiffs and against the Metropolitan Board of Zoning Appeals, Division III.
"WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the decision of the Metropolitan Board of Zoning Appeals, Division III, Marion County, Indiana, appealed from is not proper and illegal and is therefore vacated and said record filed herein is ordered remanded to said Board for further hearings for the purpose of determining the facts and the issuance of a statement of findings of facts and conclusions of law by said board.
"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the defendants pay the costs herein and that judgment be so entered in favor of the plaintiffs and against the defendants, and that said record shall be remanded to said Board for further hearings not inconsistent with this decision."
That portion of the above Order that remands the cause to the Board for findings of fact must be affirmed. An administrative agency has the duty to make a finding of the pertinent facts on which its decision is based in order to facilitate judicial review, whether or not such findings are specifically required by statute. Carlton v. Board of Zoning Appeals (1969), 252 Ind. 56, 245 N.E.2d 337. This is true even when the decision is to deny a petition or application. Department of Financial Institutions v. State Bank of Lizton (1969), 253 Ind. 172, 252 N.E.2d 248. Such findings, of course, must be based on the evidence presented. If, as might happen in the case of a negative decision, there is a lack of evidence as to one or more of the basic facts, then the finding should be that there is no evidence either affirming or negating that fact. Transport Motor Express v. Smith (1972), Ind. App., 289 N.E.2d 737, 745, footnote 10.
In all other regards the Order of the trial court is in error.
*851 Without actually so deciding, the Order implies that the Board's denial of the application was erroneous since the court found that there was "substantial evidence of probative value establishing [each of the five statutory prerequisites to the granting of a variance[1]] (paragraph 3), and the "board received no substantial evidence of the existence of the substantial reason why the requested variance should be denied." (Paragraph 4). Yet the existence of "substantial evidence ... establishing" the prerequisites is not the appropriate test when reviewing the denial of a variance. A denial can be reversed only if each of those five prerequisites has been established as a matter of law. "In other words, the evidence supporting each prerequisite must be such that no reasonable man could fail to accept that prerequisite as proved." Metropolitan Board of Zoning Appeals v. Standard Life Insurance Co. (1969), 145 Ind. App. 363, 366, 251 N.E.2d 60, 61 (original emphasis). See also: Metropolitan Board of Zoning Appeals v. Mullin (1971), 150 Ind. App. 450, 452, 276 N.E.2d 579, 580; Braughton v. Board of Zoning Appeals (1970), 146 Ind. App. 652, 656, 257 N.E.2d 839, 841. Nor is it necessary that there be evidence opposing the petition. As was said in Standard Life Insurance Co., supra:
"... It is inappropriate, we think, to require justification of a negative decision by `substantial evidence' since it is clearly the burden of a petitioner for a variance to establish the existence of each of the five statutory prerequisites. In order for a board properly to deny a variance, it is not always necessary that remonstrators appear and testify or that other evidence be presented in opposition... ." (145 Ind. App. at 368, 251 N.E.2d at 62.)
For the same reason the court erred in ordering the Board to conduct further hearings on the petition. The petitioners have already had a hearing and no error in the conduct of that hearing has been alleged. The failure of the Board to make findings of fact based on the evidence presented at that time is a procedural defect that can and should be remedied by the Board without additional hearings. Department of Financial Institutions v. State Bank of Lizton, supra (253 Ind. 172 at 179, 252 N.E.2d 248).
The judgment is reversed and this cause is remanded to the trial court with direction that it remand the case to the Board of Zoning Appeals with directions to make a special finding of facts and for further proceedings not inconsistent with this opinion.
SULLIVAN, J., concurs.
LOWDERMILK, J., participating by designation, concurs.
NOTES
[1] See Ind. Ann. Stat. § 18-7-2-71 (Burns Code Ed., 1974).