Ronald C. BRIDGE, Lynne A. Bridge, William W. Churchward, Virginia M. Churchward, Leonard H. Stawicki, Bette R. Stawicki, Petitioners-Appellants,

v.

BOARD OF ZONING APPEALS OF the CITY OF FORT WAYNE, Cecil Excavating, Inc., Respondents-Appellees.

No. 3–975A192.

Court of Appeals of Indiana, Third District.

April 3, 1979.

William E. Harris, Torborg, Miller, Moss, Harris & Sowers, Fort Wayne, for petitioners-appellants.

**100**

James R. Solomon, Hoffman, Moppert, Solomon, Miller & Thompson, Fort Wayne, Ralph R. Blume, Fort Wayne, for respondents-appellees.

GARRARD, Presiding Judge.

Cecil Excavating, Inc. (Cecil) sought a special use permit to allow it to extract, wash and sort sand and gravel on land that was zoned residential-agricultural. The Board of Zoning Appeals granted the permit, and the remonstrators, who were neighboring landowners, sought certiorari. The trial court upheld the Board's decision and the remonstrators appeal.

Approximately three years before the inception of these proceedings the Board had granted Cecil a similar special use permit. At that time remonstrators had sought certiorari and the trial court had reversed the Board on the ground that there was insufficient evidence to support the decision. No appeal was taken from that ruling.

In the present case the remonstrators asserted that the principles of res adjudicata barred the Board from granting Cecil's application.[1] The Board entered no findings concerning this assertion, but the trial court determined that res adjudicata was no bar because (a) the Board's decision to grant the permit was the same in both cases; and (b) the instant request was for a more limited use and a sufficient showing of a change in circumstances was made to remove any bar that might otherwise have existed.

### I. Res Adjudicata in Administrative Proceedings

The parties do not dispute Indiana's alignment with those jurisdictions which apply the principles of res adjudicata to the proceedings of zoning boards in the grant or denial of variances as announced in *Braughton v. Metropolitan Bd. of Zoning Appeals* (1970), 146 Ind.App. 652, 257 N.E.2d 839, *reh. den.* 146 Ind.App. 652, 258 N.E.2d 866. *See also Bd. of Zoning Appeals v. Sink* (1972), 153 Ind.App. 1, 285 N.E.2d 655.

The question they pose is how the doctrine should apply where, as here, the original determination of the board was consistent with the later one. They phrase their analysis in terms of whether the action of the administrative tribunal or that of the court should be controlling. We find this approach misleading because it tends to obscure the real criterion: the principle of finality. *See, e. g., England v. Dana Corp.* (1970), 147 Ind.App. 279, 259 N.E.2d 433.

As stated in § 41, Restatement of Judgments 2nd (Tentative Draft No. 1):

"The rules of res judicata are applicable only when a final judgment is rendered. However, for purposes of issue preclusion (as distinguished from merger and bar), 'final judgment' includes any prior adjudication of an issue in another action between the parties that is determined to be sufficiently firm to be accorded conclusive effect."

Thus, in the case at hand the critical determination is not whether the board granted or denied the variance in the prior application. The questions are whether there was a final judgment, what was it, and accordingly, what did it bar?

The board granted the prior application and variance. That determination was appealed to the trial court which held that as a matter of law *the evidence was insufficient* to sustain the grant of the variance. Since no further appeal was taken from that decision, the judgment that the evidence was insufficient to sustain the variance was final and under principles of res adjudicata would constitute a bar to relitigation of the same issue. Thus, once the defense of res adjudicata was raised before the board in this case, the question became whether there was such a change in circumstances concerning the proposed variance that the prior judgment did not act as a bar. *Braughton, supra.*

---

1. Cecil asserts waiver of the issue for failure to specify it in the petition for certiorari. We find it was adequately presented therein and was expressly preserved in the motion to correct errors.

## II. Necessity of Findings

The remonstrators assert that the case must be remanded to the board due to its failure to enter findings on the question of whether res adjudicata barred granting the petition.

Cecil argues that the board was under no duty to make findings and that accordingly its failure to specifically address the res adjudicata issue cannot serve as ground for reversal. As it points out, IC 18–7–5–81 was amended in 1951 to delete an express requirement that the board enter findings.

However, IC 18–7–5–87 and 92 limit review of a decision of the board to a determination of whether it is illegal in whole or in part. Thus, as our Supreme Court pointed out in *Carlton v. Bd. of Zoning Appeals* (1968), 252 Ind. 56, 245 N.E.2d 337, 343,

> "For reasons which exist independently of the statute, the Board is required to set out findings of fact which support those determinations. The major reason for this is to make possible an adequate judicial review of the administrative decision."

The key question concerning the asserted defense of res adjudicata was the sufficiency of the change in circumstances, a question of fact. The question was thus one the board should have determined. Under such circumstances this court held in *Easley v. Metropolitan Bd. of Zoning Appeals* (1974), 161 Ind.App. 501, 317 N.E.2d 185 that the reviewing court would usurp the board's fact finding function to consider whether there was a substantial change in circumstances. Accordingly, *Easley* held that the case had to be remanded to the board for its determination and findings.

*Easley* is controlling. The decision of the trial court must be reversed and the case remanded to the board for further proceedings.

Reversed and remanded.

HOFFMAN and STATON, JJ., concur.