The **METROPOLITAN DEVELOPMENT COMMISSION OF MARION COUNTY,** Appellant (Plaintiff Below),

v.

**I. CHING, INC.,** Appellee (Defendant Below).

No. 4–283A56.

Court of Appeals of Indiana, Fourth District.

May 16, 1984.

Transfer Denied Aug. 1, 1984.

Larry F. Whitham, Asst. Corp. Counsel, Indianapolis, for appellant.

William F. LeMond, LeMond, Carson, Yockey, Pehler & Caplin, Indianapolis, for appellee.

OPINION ON REHEARING

YOUNG, Judge.

The Metropolitan Development Commission of Marion County (the Commission) brought this appeal from the trial court's denial of the Commission's petition to enjoin I. Ching, Inc., from violating the Marion County zoning ordinance. In our decision handed down on March 28, 1984, 460 N.E.2d 1236, we reversed, holding that I. Ching's failure to exhaust its administrative remedies by seeking a variance barred it from raising in court a defense that the zoning ordinance was unconstitutional as applied. We accordingly remanded the matter to the trial court for further proceedings not inconsistent with our opinion. I. Ching has filed a timely petition for rehearing, contending that our application of the exhaustion doctrine is contrary to prior Indiana case law. I. Ching also contends that, if our opinion is correct on the merits, the proper disposition is a remand not to the trial court but to the Metropolitan Board of Zoning Appeals of Marion County.

We believe the first of these contentions—that our opinion contravenes ruling case law—is adequately addressed by the discussion in that opinion. Thus, we will not discuss this issue further.

As to the proper disposition of this case on remand, I. Ching argues we must remand to the Metropolitan Board of Zoning Appeals. I. Ching relies on a number of cases: *Perez v. United States Steel Corp.*, (1981) Ind., 426 N.E.2d 29; *Carlton v. Board of Zoning Appeals*, (1969) 252 Ind. 56, 245 N.E.2d 337; *R.S. v. State*, (1982) Ind.App., 435 N.E.2d 1019; *Boffo v. Boone County Board of Zoning Appeals*, (1981) Ind.App., 421 N.E.2d 1119; *Bridge v. Board of Zoning Appeals*, (1979) 180 Ind. App. 149, 387 N.E.2d 99; *Metropolitan Board of Zoning Appeals v. Graves*, (1977) 172 Ind.App. 459, 360 N.E.2d 848. In each of these cases, the matter was remanded to a tribunal that had previously ruled on the case, but had done so incompletely or erro-

neously. The purpose of such a remand is to allow the tribunal having original jurisdiction over a case to rule in the first instance on the issues raised therein. These cases, however, are distinguishable from the present one. The Metropolitan Board of Zoning Appeals has never had jurisdiction over this case and has no interest in ruling on the one issue properly presented: whether I. Ching has violated the Marion County zoning ordinance. Thus, it would be improper for us to remand this case to the Metropolitan Board of Zoning Appeals notwithstanding the cases I. Ching cites. In so holding, we note that I. Ching is free now, as it always has been, to present its constitutional claim to the Board of Zoning Appeals in a petition for a variance. Its steadfast refusal to do so, however, does not deprive the trial court of the power to enjoin I. Ching from violating the zoning ordinance until it secures a variance. *See City of Elizabeth City v. LFM Enterprises, Inc.*, (1980) 48 N.C.App. 408, 269 S.E.2d 260; *Township of Honey Brook v. Alenovitz*, (1968) 430 Pa. 614, 243 A.2d 330.

I. Ching's Petition for Rehearing is accordingly denied.

CONOVER, P.J., and MILLER, J., concurs.