**PORTER COUNTY PLAN COMMISSION and Porter County Board of Zoning Appeals, Appellants (Defendants Below),**

v.

**BURNS HARBOR ESTATES, Harry Vandernoord and Northern Indiana Bank and Trust Company, as Trustee Under Trust No. 701157, Appellees (Plaintiffs Below).**

No. 3–282A31.

Court of Appeals of Indiana, Third District.

July 29, 1982.

John M. Lyons, Lyons & Truitt, Valparaiso, for appellants.

William H. Wagner, Barbara A. Young, Karen L. Hughes, Hoeppner, Wagner & Evans, Valparaiso, for appellees.

STATON, Judge.

The Board of Zoning Appeals denied a special exception for Burns Harbor Estates, a planned residential development in Liberty Township, Porter County. This denial of a special exception was reversed by the Porter Superior Court. The Board of Zoning Appeals brings this appeal to determine whether the Porter Superior Court erred by reversing its order which denied the special exception.

We reverse the Porter Superior Court judgment.

Floyd Wolf was the owner of all the realty which is now Burns Harbor Estates in Porter County. In October, 1970, Wolf petitioned the Porter County Plan Commission to rezone the property from single family residential (R–2) to multi family residential (R–1) so that he could develop the realty into a mobile home park. While mobile homes are an allowable use under either the single family residential (R–2) or the multi family residential (R–1) classification, the multi family classification would allow Wolf to develop a greater concentration of mobile homes on the realty. After a public hearing, the Plan Commission unanimously denied Wolf's petition in February, 1971.

American Affiliates, Inc., Wolf's successor in interest to the realty, next petitioned the Board of Zoning Appeals for a special exception to develop a planned residential development in March, 1972. American Affiliates proposed that the planned residential development consist of 190 mobile homes surrounded by 56 four family apartment buildings, and 13 single family homes, which would serve to buffer the mobile home park from the neighboring rural residential properties. The Board approved American Affiliate's planned residential development provided that American file a plat to insure that all of the plan would be developed, not just the mobile home part.

The Porter County Plan Commission issued an improvement location permit to American Affiliate's successor in interest, Harry Vandernoord. The permit provided for the construction of a planned residential development consisting of 190 mobile homes bordered by 26 two story, four unit apartment buildings. Between 1973 and 1980, all the mobile homes had been parked in the development, but only two of the 26 four unit apartment buildings were built.

Vandernoord petitioned the Board of Zoning Appeals to amend the planned residential development by allowing 44 mobile

homes to be parked in the buffer zone instead of the remaining 24 four unit apartment buildings. Save for the 2 four unit apartment buildings, Vandernoord's proposed amendment would have made the planned residential development identical to the proposed rezoning of the realty which Wolf had requested, and the Plan Commission rejected, in 1971.

The Plan Commission denied Vandernoord's proposed amendment. The Plan Commission made findings of fact that Vandernoord's amendment would adversely affect the Porter County Master Plan and that the proposed amendment was against the current trend of development of the properties in the vicinity. The Board of Zoning Appeals agreed with the Plan Commission's findings, and the Board denied Vandernoord's appeal for an amendment to the 1972 planned residential development special exception.

■ In reviewing the decision of a Board of Zoning Appeals, we follow the same standard used in reviewing a final determination of any administrative agency. We presume that the determination of a Board of Zoning Appeals, as an administrative agency with expertise in zoning matters, is correct. The Board's decision should not be reversed unless the decision is arbitrary, capricious or an abuse of discretion. *Boffo v. Boone County Board of Zoning Appeals* (1981), Ind.App., 421 N.E.2d 1119, 1125. When a zoning appeals board denies a special exception, the trial court reviews the evidence and inferences supporting the Board's decision. To reverse a Board's denial of a special exception, the trial court must find that each of the requirements provided by the local zoning ordinance has been established as a matter of law. *Id.*; *Metropolitan Board of Zoning Appeals v. Standard Life Insurance Company* (1969), 145 Ind.App. 363, 251 N.E.2d 60 (*trans. denied.*) "In other words, the evidence supporting each prerequisite must be such that no reasonable man could fail to accept that prerequisite as proved." *Standard Life*, 251 N.E.2d at 61. As Judge Ratliff recently explained, "(s)uch a standard makes it extremely difficult for a trial court to overturn a negative decision in the absence of procedural irregularities." *Boffo*, 421 N.E.2d at 1125.

■ Our review of the record shows that the trial court erred by reversing the zoning appeals board's decision. The Porter County zoning ordinance, section 14.5(G)(3) provides that:

> "The proposed Development must be designed to produce an environment of stable and desirable character in keeping with the principles of good neighborhood design, and must provide standards of open space and areas for parking adequate for the occupancy proposed, or equal to the requirements of this ordinance. It must include provisions for recreation areas to meet the needs of the anticipated population or as specified in the Master Plan."

The Board of Zoning Appeals made the following findings of fact:

> "(c) That Subsection G 3 was not met in that the proposed development was not designed to produce an environment of stable and desirable character in keeping with the principles of good neighborhood design in that the originally proposed and approved multifamily development along the perimeter represented a better and more desirable mix of single and multifamily dwellings and represented a more compatible and better neighborhood design than presently proposed amendment which does not provide multifamily dwelling, does not provide the more desirable mix attained thereby under these specific circumstances, does not provide the buffer zone that the originally proposed multifamily mix would have done and was not a more correct, compatible or better neighborhood design, nor does the proposed design include provisions for recreational areas to meet the needs of the anticipated population."

Vandernoord filed a reply to the Board's finding of fact. Vandernoord contended that the finding was not supported by the evidence in the record. He also asserted that the finding reflected an arbitrary and

capricious attitude against mobile homes by the Board of Zoning Appeals. Vandernoord further argued that the Porter County zoning ordinances does not require a buffer zone between mobile home developments and neighboring properties.

We are unable to agree with Vandernoord's allegation that the Board acted arbitrarily and capriciously by discriminating against mobile homes. The record shows that Liberty Township has substantial mobile home development. Moreover, the record shows that the neighborhood of the planned residential development has remained unchanged since the Board approved the development plan in 1973. We conclude that the Board of Zoning Appeals acted within its discretion by denying the proposed amendment to the planned residential development.

Reversed.

HOFFMAN, P. J., and GARRARD, J., concur.