Chester BORSUK and Lake County Trust Company, as Trustee Under Trust No. 4346, Appellants-petitioners,

v.

TOWN OF ST. JOHN, Appellee-defendant.

No. 45A03–0305–CV–196.

Court of Appeals of Indiana.

Dec. 18, 2003.

Michael L. Muenich, Highland, IN, Attorney for Appellants.

David E. Wickland, Munster, IN, Attorney for Appellee.

## OPINION

BAKER, Judge.

■ Appellants-petitioners Chester Borsuk and the Lake County Trust Company, as Trustee Under Trust Number 4346 (collectively, Borsuk) appeal the trial court's entry of summary judgment in favor of the Town, the appellee-defendant in this case.[1] Borsuk avers that the trial court erroneously admitted improper evidence at trial. Moreover, Borsuk claims that the Town's refusal to rezone the land at issue was arbitrary, capricious, and unreasonable.[2] Concluding that the Town's decision was wholly contrary to its own comprehensive plan and, thus, arbitrary and capricious, we reverse the judgment of the trial court and remand with orders that the trial court recommit this cause to the Town with instructions to rezone Borsuk's parcel of land.

---

[1]. Oral argument was heard in this case on December 3, 2003, at Indianapolis. We thank counsel for their preparation and able advocacy.

[2]. Borsuk also argued that the Town's refusal to rezone his land was tantamount to a constitutional taking. Because we reverse on other grounds, we do not discuss this issue at length. However, we note that a residence existed on the western half of Borsuk's land. Appellant's App. p. 793. A residence is certainly an "economically beneficial use," and, thus, Borsuk's challenge would fail. *See Lucas v. South Carolina Coastal Council,* 505 U.S. 1003, 1014, 112 S.Ct. 2886, 120 L.Ed.2d 798 (1992).

*FACTS*

Borsuk owns a parcel of land (Lot 1) located at the intersection of 109th Street[3] and U.S. 41 in the Town, which is located in Lake County. The western half of Borsuk's parcel is zoned for residential use, while the eastern half is zoned for commercial use. The entire block on which Borsuk's land is situated is zoned for commercial use. The following illustration, while not to scale, is helpful in visualizing the property and its surrounding area:

Appellant's App. p. 505.

Borsuk petitioned the St. John Plan Commission on September 13, 2000, to rezone the entire parcel to a commercial designation. Fifty-two remonstrators signed a petition opposing the rezoning request, asserting that traffic safety and congestion were particular concerns. At a Plan Commission meeting held November 1, 2000, remonstrators testified that traffic was too congested in the area already and that rezoning would exacerbate traffic problems. Dr. Reg Manwaring, the principal of a local elementary school, sent the Commission a letter stating that increased traffic could pose a physical danger to his students. Bob Pharazyn, Director of Public Works for St. John stated that "had it not been for the safety aspects, [he] would most likely [have] been in favor of" rezoning. Appellant's App. p. 741. The Plan Commission entered findings of fact stat-

---

**3.** This street apparently changes its name to 109th Avenue at a certain point west of U.S. 41.

ing that rezoning would not promote the health, safety, comfort, morals, convenience, and general welfare of the Town and that Borsuk's proposal would not conserve property values in the Town. Furthermore, the Plan Commission recommended that Borsuk's rezoning request be denied. The Town Council adopted the Plan Commission's recommendation.

On November 30, 2000, Borsuk filed for a writ of certiorari, alleging that the Town effected an unconstitutional taking and that the denial of Borsuk's request was arbitrary and capricious. Borsuk filed a motion for summary judgment on March 4, 2002. On May 13, 2002, the Town responded and designated its evidence in opposition to summary judgment, including a newly-filed affidavit of Charles Sawyer, the President of the Plan Commission, which stated, in relevant part:

5. That the Plan Commission and the Town Council considered the residential area nearby petitioner's Lot 1 as well as the concerns of the residents nearby with regard to public health and safety caused by traffic which would likely be generated by a rezoning of petitioner's entire parcel as commercial district.

. . .

11. [T]he Plan Commission's consideration of the deteriorating effect of petitioner's commercial use as well as truck and heavy automobile traffic would have on neighboring residential homes was appropriate.

. . .

14. That the Plan Commission and Town Council decided petitioner's rezoning petition should be denied because the increased commercial traffic flow would negatively affect the public health, safety, morals, convenience, and general welfare of the Town of St. John.

Appellant's App. p. 633–34. Borsuk moved to strike Sawyer's affidavit on June 25, 2002, on the grounds that evidence outside of the Plan Commission's minutes and records was not competent. On July 23, 2002, the Town filed a second affidavit, that of engineer Kenneth J. Kraus, which read, in relevant part:

8. [P]ursuant to the terms of the Town of St. John Ordinance, the petitioners can construct a 2200 square foot professional office building with a sufficient number of parking spaces and storm water detention on that portion of Lot 1 zoned B–3 Commercial to satisfy all aspects of the Town of St. John Ordinances without the requirement of a variance, a re-zoning, or a re-platting.

Appellant's App. p. 593–94. Borsuk moved to strike the Kraus affidavit as well because it was untimely and presented evidence outside of the Plan Commission's minutes and records. The trial court never ruled on either motion to strike.

By agreement of the parties, the trial court treated the proceedings "as a full review of the St. John Plan Commission and St. John Town Council's decision" denying Borsuk's rezoning request.[4] Appellant's Br. p. 27. On April 7, 2003, the trial court entered summary judgment for the Town. Borsuk now appeals.

## DISCUSSION

### I. Standard of Review

■ We note that Borsuk has brought this challenge to the Town's decision to deny his request to rezone Lot 1 as a request for a writ of certiorari under Indiana Code section 36–7–4–1003. The trial court entered summary judgment for the Town and against Borsuk, and Borsuk appealed to this court under Indiana Code

4. As indicated at oral argument, what exactly this statement meant was unclear.

section 36–7–4–1011, which permits an appeal "from the final judgment of the court reversing, affirming, or modifying the decision of the board of zoning appeals." When we review a petition for certiorari under Indiana Code section 36–7–4–1011, we stand in the same position as did the trial court. *Reinking v. Metro. Bd. of Zoning Appeals of Marion County,* 671 N.E.2d 137, 142 (Ind.Ct.App.1996). We give due deference to a zoning board's decision and will reverse only if the board's decision is "arbitrary, capricious or an abuse of discretion." *Porter County Plan Comm'n v. Burns Harbor Estates,* 437 N.E.2d 1053, 1055 (Ind.Ct.App.1982).

## II.  Trial Court's Reliance on Improper Summary Judgment Materials

Borsuk claims that the trial court admitted improper evidence at trial. Particularly, Borsuk argues that two affidavits should have been stricken by the trial court.

Though the record provides sufficient evidence to determine that the Town's decision was arbitrary and capricious without reference to whether the trial court erred when it refused to strike the materials complained of by Borsuk, we address the issue of the affidavits because such an error may occur at another time. Borsuk argues that the Sawyer affidavit was an attempt to unlawfully supplement the administrative record and that the Kraus affidavit was belatedly filed and constituted an attempt to contradict statements made by the Plan Commission and the plain language of the Town's zoning ordinance.

### 1.  Sawyer Affidavit

■ Borsuk argues that Sawyer's affidavit was erroneously admitted into evidence. Borsuk's specific complaint is that the Sawyer affidavit was an attempt "to create evidence as to what the Plan Com-

mission considered and decided." Appellant's Br. p. 20.

■ We first note that "boards and commissions speak or act officially only through the minutes and records made at duly organized meetings." *Scott v. City of Seymour,* 659 N.E.2d 585, 590 (Ind.Ct. App.1995). "Evidence outside of the board's minutes and records that the board presumed to act in its official capacity is not competent evidence to substitute for the minutes and records of regular board action." *Id.*

The Sawyer affidavit relates the Plan Commission's mental processes and considerations in deciding whether to approve Borsuk's request. Such matters are particularly suited to the minutes and records of the board because "boards and commissions speak or act officially only through the minutes and records made" at their meetings. Id. Thus, the Sawyer affidavit was improper evidence and should have been stricken.

### 2.  Kraus Affidavit

■ Borsuk contends that the Kraus affidavit was unlawfully admitted into evidence because it was untimely and contradicted the administrative record. Borsuk also notes that the affidavit's contents are in conflict with statements made by the Plan Commission.

Leaving aside the question of timeliness, Borsuk is correct in his contention. The Kraus affidavit purports to state that Borsuk can lawfully "construct a 2200 square foot professional office building" on half of his lot. Appellant's App. p. 593. The record, however, is to the contrary. The Town's zoning ordinance states that only one primary structure is allowed on a lot, and Borsuk already has a home on the lot. Appellant's App. p. 148. Additionally, the following colloquy occurred between Com-

missioner Jerome Rudy and the Town's attorney, David F. Wickland:

MR. WICKLAND: We have had for a long time the ordinance that only allows one lot—one structure.

MR. RUDY: One primary structure, but you can have like a secondary, like a free standing garage with a house.

MR. WICKLAND: That would be one primary structure.

Appellant's App. p. 797. Moreover, Commission President Charles Sawyer asked Michael I. Muenich, Borsuk's attorney, why Borsuk was contending that the parcel was worthless:

MR. MUENICH: You can't sell half the lot and build on it, sir. Look at your zoning ordinance. There is a principle [sic] structure allowed on each lot. There is already a principle structure on this lot.

MR. SAWYER: I understand that. I hear what you're saying and you're probably absolutely right.... My personal opinion is that it is a residential lot as long as that house is sitting there.

Appellant's App. p. 792–93. The record clearly shows that the erection of a commercial building would have been contrary to the zoning ordinance.

The trial court apparently relied on the Kraus affidavit when it entered its findings of fact and conclusions of law, as it stated that Borsuk was "entitled to use the east half of Lot 1 for a reasonable and viable commercial purpose." Appellant's Br. p. 27. This statement, as discussed, is incorrect.

### III. *Arbitrary and Capricious Decision*

■ . Borsuk claims that the Town's decision to deny his zoning request was arbitrary and capricious and, thus, must be reversed. Specifically, Borsuk points out that even though the Town's Comprehensive Plan indicated that the area where his property was located was to be zoned for commercial use and that his property was the only lot on the block that was restricted to non-commercial use, the Town denied his application. Thus, Borsuk argues that the Town ignored statutory authority when it denied his rezoning request.

■ We note that a decision is arbitrary and capricious when "it is willful and unreasonable, without consideration and in disregard of the facts or circumstances in the case, or without some basis which would lead a reasonable and honest person to the same conclusion." *Dep't of Natural Res. v. Indiana Coal Council,* 542 N.E.2d 1000, 1007 (Ind.1989). To ascertain whether a decision is arbitrary and capricious, we must determine whether the decision was based upon substantial evidence. *Crooked Creek Conservation and Gun Club, Inc. v. Hamilton County North Bd. of Zoning Appeals,* 677 N.E.2d 544, 547 (Ind.Ct.App.1997). Substantial evidence "is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 549.

The St. John Zoning Ordinance does not specify particular factors that must be taken into account when rezoning land, Appellant's App. p. 229, but instead references the "600 Series," specifically Indiana Code section 36–7–4–600 through 616. Indiana Code section 36–7–4–603 states:

In preparing and considering proposals under the 600 series, the plan commission and the legislative body shall pay reasonable regard to:

(1) the comprehensive plan;

(2) current conditions and the character of current structures and uses in each district;

(3) the most desirable use for which the land in each district is adapted;

(4) the conservation of property values throughout the jurisdiction; and

(5) responsible development and growth.

Borsuk argues that the Town ignored its own Comprehensive Plan map when it refused his rezoning request because the map shows that the area where his property is located is to be zoned for commercial use in the future. Moreover, Borsuk contends that the Town disregarded the current conditions and the character of the current uses in the area near his plot because all the other parcels of land abutting U.S. 41 in the immediate area are zoned for commercial use.

Borsuk is correct in his contention that the Comprehensive Plan map envisions the area abutting U.S. 41 to be a commercial area, a fact that the Town does not dispute. Appellant's App. p. 498. Moreover, as both parties agreed at oral argument, the parcels of land directly north of Borsuk's—indeed, all the parcels on the block wherein his parcel lies and on the block north of his property—are all zoned commercial, and U.S. 41 is recognized by the Comprehensive Plan as "the only major arterial in St. John." Appellant's App. p. 479. The "split zoning" of Borsuk's land prevents him, however, from making commercial use of his land because only one primary structure is allowed on a parcel, and a residence already exists on the western half of Lot 1.

Thus, the Town's decision to refuse Borsuk's rezoning request was not based on "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crooked Creek Conservation and Gun Club, Inc.*, 677 N.E.2d at 549. The Comprehensive Plan unquestionably shows that the area abutting U.S. 41 is to be commercial. Moreover, Borsuk's land is the only parcel on the block zoned such that commercial development is impossible. The Town apparently ignored at least these two statutory factors of Indiana Code section 36–7–4–603 when it denied Borsuk's request. In short, we must conclude that the Town's decision was arbitrary and capricious.

To be fair, the Kraus affidavit stated that a 2200 square foot building could be erected on Borsuk's property. Appellant's App. p. 593. Consequently, the Town may not have considered its action to be unreasonable inasmuch as the Kraus affidavit's legal conclusion would have afforded Borsuk the opportunity to build a commercial structure on his lot. Kraus's advice was patently incorrect, however, as the Town's zoning ordinance only allows one primary structure on a plot of land. Appellant's App. p. 148, 797.

In this unique situation, the Town's Comprehensive Plan called for the area to be zoned commercial at some point in the future. Borsuk's parcel was the only plot of land on the entire block that was not zoned in such a manner. In such a circumstance, the municipality must—absent a compelling reason—comply with its comprehensive plan's vision and rezone the area for commercial use. Failure to do so would be equivalent to ignoring the provisions of Indiana Code section 36–7–4–603 and, moreover, would render a comprehensive plan meaningless.

In sum, the Town's decision to deny Borsuk's request was arbitrary and capricious because it ignored two factors of Indiana Code section 36–7–4–603. Consequently, the Town's decision must be reversed.

The judgment of the trial court is reversed, and we remand this cause to the trial court with instructions that it remand this cause to the Town with instructions to rezone the parcel.

NAJAM, J., and MAY, J., concur.