**Chester BORSUK and Lake County Trust Company, as Trustee Under Trust No. 4346, Appellants–Plaintiffs,**

v.

**TOWN OF ST. JOHN, Appellee–Defendant.**

**No. 45A03–0305–CV–196.**

Court of Appeals of Indiana.

Feb. 27, 2004.

Michael L. Muenich, Highland, IN, Attorney for Appellants.

David M. Austgen, Michael J. Phillips and Carrie N. Crider, Crown Point, IN, Attorneys for Appellee.

**OPINION ON REHEARING**

BAKER, Judge.

Appellee-defendant Town of St. John (the Town) brings this petition for rehear-

---

ing. We grant this petition for the purpose of addressing whether we erred when we assumed jurisdiction in this cause to hear appellant-plaintiff Chester Borsuk's appeal from the trial court's order denying relief. Because Borsuk effectively asked for a declaratory judgment in his second amended complaint and the decision of the Plan Commission and Town Board was arbitrary and capricious, both the trial court and this court had subject matter jurisdiction to hear this cause. Accordingly, we reaffirm our original decision.

■ The Town argues on rehearing that the trial court and this court lacked subject matter jurisdiction to hear this cause. Interestingly, this is the first time during this litigation that the Town addressed the issue of subject matter jurisdiction, even though the Town had an opportunity to attack the courts' jurisdiction at the trial court, in its submissions to this court, and at oral argument before us. It is evident to us that the Town "engaged in a bit of 'rope-a-doping' here—a term commonly used in the sport of boxing. In such instances, one fighter pretends to be trapped against the ropes while his opponent wears himself out throwing punches." *Beauchamp v. State,* 788 N.E.2d 881, 894 (Ind. Ct.App.2003). Here, the Town lay in wait to determine whether Borsuk would win on appeal. Not until Borsuk was successful did the Town go on the offensive with its claim of lack of subject matter jurisdiction, a defense that cannot be waived by the parties. *Georgos v. Jackson,* 790 N.E.2d 448, 451 (Ind.2003). The result is an appalling waste of judicial resources.

The Town notes that only the Plan Commission and Town Board were involved in the consideration of Borsuk's rezoning petition. Appellee's Petition for Rehearing p. 2. Thus, the Town notes, pursuant to Indiana Code section 36–7–4–1016, Borsuk is not entitled to certiorari review of the decision to deny his reclassification request because the only decisions of a plan commission that may be reviewed by certiorari are those regarding subdivision control, the vacating of a previous decision, development plans under the 1400 series of Chapter 4, and planned unit developments. Appellee's Petition for Rehearing p. 2.

■ Indeed, the Town proceeds to argue that Borsuk should have launched "an action for Declaratory Judgment" instead. Appellee's Petition for Rehearing p. 2. This is a strange argument, given that the Town's answer to Borsuk's complaint has an "Answer to request for declaratory judgment" section. Appellant's App. p. 896. Moreover, in his second amended complaint, Borsuk alleged that "the Plan Commission and the Town Council failed to pay reasonable regard to the current conditions and the character of current structures and uses in each district in that all surrounding parcels that abut U.S. Route 41 are zoned commercial." Appellant's App. p. 693. Under the heading "Violation of the United States Constitution," Borsuk asserted that the classification of his parcel of land "is arbitrary, unreasonable and bears no substantial relationship to health, safety, or welfare." Appellant's App. p. 699. The complaint asks for "such other relief as the Court deems appropriate." Appellant's App. p. 700. It is evident to us that the complaint contains an invitation to declare that the Town's decision is arbitrary and capricious. Thus, under our system of notice pleading, the complaint sufficiently makes out a request for a declaratory judgment based on the argument that the Town's decision was arbitrary. *Bastin v. First Indiana Bank,* 694 N.E.2d 740, 744 (Ind.Ct.App.1998) (holding that "a complaint's allegations are sufficient if they put a reasonable person on notice as to why plaintiff sues"). Consequently, the trial court and this court

both had subject matter jurisdiction in this cause.

The Town is correct inasmuch as certiorari review is not the proper vehicle for challenging the Plan Commission's actions. A declaratory action was the correct way to bring this action, and Borsuk's second amended complaint reasonably notified the Town that Borsuk was alleging that the Town's actions were arbitrary. As we stated in our original opinion, the Town "ignored at least [ ] two statutory factors of Indiana Code section 36–7–4–603 when it denied Borsuk's request." *Borsuk v. Town of St. John,* 800 N.E.2d 217, 223 (Ind.Ct.App.2003). Additionally, "the Town's Comprehensive Plan called for the area [wherein Borsuk's land was located] to be zoned commercial at some point in the future. Borsuk's parcel was the only plot of land on the entire block that was not zoned in such a manner." *Id.* Inexplicably, however, the Town ignored its own Comprehensive Plan and denied Borsuk's request.

Accordingly, we grant the Town's petition for rehearing. Because Borsuk sufficiently raised a claim for declaratory relief and because the Town's actions were arbitrary and capricious, the Town's decision denying Borsuk's petition for rezoning must be reversed. Thus, we affirm our original opinion.

NAJAM, J., and MAY, J., concur.